**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CORY WASHINGTON | |
| Appellant | No. 814 MDA 2014 |

Appeal from the PCRA Order of April 28, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No.: CP-06-CR-0004242-2008

BEFORE:  BOWES, J., WECHT, J., and MUSMANNO, J.

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 19, 2014**

Cory Washington appeals *pro se* from the order dismissing his second petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  We affirm.

On April 23, 2009, Washington entered an open guilty plea to delivery of a controlled substance and criminal conspiracy.[1]  The court sentenced Washington to an aggregate term of not less than eight nor more than sixteen years' incarceration on December 16, 2009.  Washington did not file a direct appeal, but filed a *pro se* motion to modify sentence *nunc pro tunc* on May 17, 2010.  The court, treating the motion as a first PCRA petition,[2]

---

[1]     35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. § 903(a)(1)(2).

[2]     ***See Commonwealth v. Jackson***, 30 A.3d 516, 521 (Pa. Super. 2011) (holding that a defendant's motion to correct his sentence was

*(Footnote Continued Next Page)*

appointed counsel. On June 22, 2010, counsel filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*), concluding that there were no meritorious issues raised in Washington's *pro se* motions or letters.

The court granted the motion to withdraw on June 22, 2010, and on June 30, 2010, issued notice of its intention to dismiss Washington's petition pursuant to Pa.R.Crim.P. 907. Washington responded *pro se*, contending that PCRA counsel improperly argued that his sentence was illegal when Washington wished to argue that his sentence was excessive. The PCRA court concluded that this new argument was meritless, because "our law does not allow a defendant to raise an excessive sentence claim in a PCRA petition," and dismissed the petition on September 2, 2010. Order, 9/2/2010. Washington filed an untimely request for extension of time to file a notice of appeal on October 22, 2010, which the PCRA court denied on October 25, 2010.

On May 9, 2011, Washington filed a second *pro se* PCRA petition. The PCRA court provided notice of intent to dismiss the petition as untimely on May 12, 2011. Washington responded, and the court dismissed the petition on May 31, 2011. Washington timely appealed, and this Court affirmed the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

properly addressed as a PCRA petition because "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition").

PCRA court's decision. *See Commonwealth v. Washington*, No. 1041 MDA 2011 (Pa. Super. filed July 19, 2012).

On January 10, 2013, Washington filed a *pro se* petition for writ of *habeas corpus*. The court, concluding that his "allegations could have been addressed through the regular course of direct appellate review or post-conviction relief," denied the petition on January 24, 2013. *See Commonwealth v. McNeil*, 665 A.2d 1247, 1250 (Pa. Super. 1995) ("Pennsylvania law explicitly states that in cases where a person has been restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post[-]conviction hearing proceedings authorized by law.").

On April 10, 2014, Washington filed the instant *pro se* motion to modify and reduce sentence. The PCRA court, observing that Washington's motion raised an identical challenge to the legality of his sentence claimed in his first PCRA petition, concluded that he was not entitled to appointment of counsel or post-conviction collateral relief and dismissed the petition on April 28, 2014. Washington timely appealed on May 8, 2014, and on the same day, filed a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court entered a statement in lieu of an opinion pursuant to Pa.R.A.P. 1925(a) on July 9, 2014.

Washington raises two questions for our review:

> I. Whether the Commonwealth and sentencing [court] sentenced [Washington] to a mandatory sentence, where they

- 3 -

failed to meet the burden of proving beyond a reasonable doubt, that a mandatory sentence did apply[?]

II.    Whether trial counsel failed to challenge, where [the court] went with an aggravated sentence without [cause] [*sic*].  Also appella[te] counsel for deeming that there was no error in sentence process, where it was clearly unconstitutional, where the "element" of the crime was not proving beyond a reasonable doubt[?]

Washington's Brief at 4.

When reviewing the denial of a PCRA petition, our scope of review is limited by the parameters of the act.  Our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error.  Moreover, in general we may affirm the decision of the [PCRA] court if there is any basis on the record to support the [PCRA] court's action; this is so even if we rely on a different basis in our decision to affirm.

***Commonwealth v. Heilman***, 867 A.2d 542, 544 (Pa. Super. 2005) (citation omitted).

Preliminarily, because the time limits imposed by the PCRA are jurisdictional and must be strictly construed, ***see Commonwealth v. Fahy***, 959 A.2d 312, 315 (Pa. 2008), we will begin by addressing the timeliness of Washington's motion to modify and reduce sentence, properly construed as a serial petition pursuant to the PCRA.  ***See Jackson***, 30 A.3d at 521.

A PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final[.]"  42 Pa.C.S.A. § 9545(b)(1).

Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition.  Statutory time restrictions are mandatory and jurisdictional in nature, and may not be altered

- 4 -

or disregarded to reach the merits of the claims raised in the petition. . . .

The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and the petitioner must prove:

(i) the failure to raise a claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided by this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The PCRA specifically provides that a petitioner raising one of the statutory exceptions to the timeliness requirements must affirmatively plead and prove the exception. *Id.* The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be asserted within sixty (60) days of the date the claim could have been first presented. 42 Pa.C.S.A. § 9545(b)(2). As such, when a PCRA [petition] is not filed within one year of the expiration of direct review, or not eligible for one of the exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims.

*Commonwealth v. Taylor*, 933 A.2d 1035, 1038-39 (Pa. Super. 2007)

(footnote, quotation marks and case citations omitted). Accordingly, when a

petition is filed outside the one-year time limitation, "our review focuses on

- 5 -

whether Appellant has pled and proven that one of the three limited exceptions to the timeliness requirements of the PCRA apply." *Commonwealth v. Wilson*, 824 A.2d 331, 335 (Pa. Super. 2003) (*en banc*).

Here, Washington's judgment of sentence became final on January 15, 2010. **See** 42 Pa.C.S.A. § 9545(b)(3); **see also** Pa.R.A.P. 903(c)(3) ("In a criminal case in which no post-sentence motion has been filed, the notice of appeal shall be filed within 30 days of the imposition of the judgment of sentence in open court."). Hence, in order to comply with the filing requirements of the PCRA, Washington's petition had to be filed by January 18, 2011.[3] Because Washington's petition was filed on April 10, 2014, it is patently untimely and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time bar under 42 Pa.C.S.A. § 9545(b)(1).

In the instant case, Washington cites to the third exception, arguing that "[t]he holding [of] *Alleyne* [*v. United States*, 133 S. Ct. 2151 (2013)], renders unconstitutional at least three relevant provisions of the Pennsylvania Mandatory Minimum Statutes." Washington's Brief at 9. However, the Supreme Court decided *Alleyne* on June 17, 2013, and Washington's petition, filed 297 days later, fell well outside the sixty-day

---

[3]    January 15, 2011 fell on a Saturday, and Monday, January 17, 2011, was Martin Luther King, Jr. Day, a federal holiday.

window in which he could have asserted an exception to the time bar on this ground. *See* 42 Pa.C.S.A. § 9545(b)(2). Accordingly, the PCRA court did not err or abuse its discretion in dismissing Washington's petition when it was patently untimely. *See Heilman*, 867 A.2d at 544. Because Washington's petition is untimely, we are without jurisdiction to address the merits of his issues. *See Taylor*, 933 A.2d at 1038-39.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/19/2014