665 A.2d 1247

**COMMONWEALTH of Pennsylvania**

v.

**Michael McNEIL, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 14, 1995.

Filed Oct. 3, 1995.

528

530

Michael McNeil, pro se, appellant.

Peter J. Gardner, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before TAMILIA, POPOVICH and CERCONE, JJ.

CERCONE, Judge:

This is an appeal *pro se* from the dismissal of a second petition under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541–9546. We affirm.

The Honorable Joseph I. Papalini has explained the history of the case underlying the present appeal as follows:

1. In 1986, after a non-jury trial, Petitioner was found guilty of theft and criminal conspiracy. Judge Tama Myers–Clark presided.

2. The Commonwealth presented evidence that on September 23, 1985, Petitioner was arrested, along with two other males, while in possession of an automobile which had

been stolen on that or the previous day from Ernest Pendleton.

3. No post-verdict motions were filed. Petitioner was sentenced to an aggregate probationary term of four years. No appeal was filed on behalf of petitioner.

4. Petitioner subsequently entered a guilty plea to a murder charge.

5. On October 12, 1990, Judge Clark revoked probation and sentenced Petitioner to an aggregate term of imprisonment of 3 to 14 years, consecutive to any sentence he was then serving. No appeal was filed. On March 26, 1992, Petitioner filed a motion for modification of sentence, which was denied on April 27, 1992.

6. On October 15, 1992, the Defendant filed a Petition for Leave to Appeal Nunc Pro Tunc to challenge the discretionary aspect[s] of sentence, which was treated as a PCRA petition. Dale Miller, Esquire was appointed to represent him.

7. Subsequently, PCRA counsel filed a "no merit" letter indicating that the issues raised in the Defendant's petition were without arguable merit and after review there were no additional issues which could be raised in a counselled Amended Petition.

8. On July 1, 1993, this Court dismissed the PCRA petition, and permitted counsel to withdraw.

9. Petitioner filed a pro se appeal. On September 27, 1993, this Court filed an opinion. On March 8, 1994, Superior Court dismissed the Defendant's appeal for failure to file a brief.

10. On June 6, 1994, the Defendant filed a Petition for Writ of Habeas Corpus which was treated as a second PCRA petition.

11. On September 14, 1994, we dismissed the petition without appointing counsel or affording the Defendant a hearing.

Trial Court Opinion dated November 30, 1994 at 1–2.

The instant timely appeal presents two issues for our consideration:

532

I. Whether The Lower Court Erred By Treating Appellant's Petition For Writ Of Habeas Corpus As A Second PCRA Petition.

II. Whether The Probation Court Lacked Jurisdiction Over The Matter Due to The Court's Failure To Hold Its Final Revocation Hearing Within The Time Period As Provided By Law?

We shall address these claims in the order presented.

 Under Pennsylvania statute, habeas corpus is a civil remedy which lies solely for commitments under criminal process. *Commonwealth v. Wolfe*, 413 Pa.Super. 583, 587, 605 A.2d 1271, 1273, *appeal denied*, 531 Pa. 646, 612 A.2d 985 (1992). Habeas corpus is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available. *Id.* (citing *Commonwealth ex rel. Kennedy v. Myers*, 393 Pa. 535, 143 A.2d 660, *cert. denied*, 358 U.S. 868, 79 S.Ct. 101, 3 L.Ed.2d 100 (1958)). If a petitioner is in custody by virtue of a judgment of sentence of a court of competent jurisdiction, the writ generally will not lie. *Id.* (citing *Commonwealth ex rel. Wilson v. Keeper of Jail of Philadelphia County*, 26 Pa. 279 (1856)). Pennsylvania law explicitly states that in cases where a person has been restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post conviction hearing proceedings authorized by law. *See* 42 Pa.C.S.A. § 6503(b) (Right to apply for a Writ of Habeas Corpus). Issues are not cognizable under the statutory remedy of habeas corpus if they could have been considered and corrected in the regular course of appellate review or by post-conviction proceedings authorized by law. *Commonwealth v. Wolfe*, 413 Pa.Super. at 588, 605 A.2d at 1273.

 In this case, appellant alleged the following as the basis for his habeas corpus petition: "Petitioner's sentence is invalid because the Probation Court failed to revoke probation with reasonable promptness as required by Rules of Criminal Procedure, Rule 1409." Habeas Corpus Petition filed June 6,

1994 at 3. This issue could have been raised in the appeal *nunc pro tunc* taken from the order revoking probation. The fact that appellant's *pro se* appeal was dismissed for failure to file briefs has foreclosed appellant from raising this claim now in the form of a habeas corpus petition. *See Commonwealth v. Wolfe, supra.* The lower court was therefore correct in refusing to accord habeas corpus relief.

The Post Conviction Relief Act explicitly states that the common law remedies of habeas corpus and coram nobis are now subsumed under the PCRA:

> This subchapter [1] provides for an action by which persons convicted of crimes they did not commit or serving unlawful sentences may obtain collateral relief and for an action by which persons can raise claims which are properly a basis for Federal habeas corpus relief. *The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus and coram nobis.* This subchapter is not intended to limit the availability of remedies in the trial court or on direct appeal from the judgment of sentence, nor is this subchapter intended to provide a means for raising issues waived in prior proceedings.

42 Pa.C.S.A. § 9542 (emphasis added). In light of the statutory provision, it was not error for the trial court to treat appellant's request as a miscaptioned petition for post conviction relief rather than as a habeas corpus petition.

 The next question is whether appellant is eligible for relief under the PCRA on the proffered grounds. In the absence of an ineffectiveness claim or an assertion that the original proceedings were conducted by a tribunal lacking jurisdiction, section 9543(a)(2)(vii) establishes the only PCRA category under which a petitioner can advance an argument that probation was improperly revoked. *See, e.g., Commonwealth v. Grier,* 410 Pa.Super. 284, 287, 599 A.2d 993, 994

1. Subchapter C of 42 Pa.C.S.A., Chapter 95.

(1991), *appeal denied,* 530 Pa. 639, 607 A.2d 250 (1992). This statutory provision requires a person seeking PCRA relief to plead and prove by a preponderance of the evidence that the conviction resulted in the imposition of a sentence greater than the lawful maximum term. 42 Pa.C.S.A. § 9543(a)(2)(vii). Appellant does not claim that he received ineffective representation by prior counsel or that the sentence imposed exceeds the legal maximum. However, his argument can be interpreted as a contention that the probation court lost jurisdiction over the matter by failing to hold the revocation hearing "as speedily as possible" pursuant to Pa.R.Crim.P., Rule 1409, 42 Pa.C.S.A. Such a claim is at least colorable under the PCRA which permits inquiry into whether a specific tribunal lacked jurisdiction to conduct a particular proceeding. 42 Pa.C.S.A. § 9543(a)(2)(viii). Nevertheless, the argument presented instantly demonstrates a fundamental misunderstanding of the meaning of "jurisdiction" in our law.

 As our Supreme Court has explained:

The word "jurisdiction" (jus dicere) is a term of large and comprehensive import [which] embraces every kind of judicial action, and hence every movement by a court is necessarily the exercise of jurisdiction. It includes jurisdiction over the subject matter as well as over the person. In the sense, however, in which the term ordinarily is used, jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case.

*Strank v. Mercy Hospital of Johnstown,* 376 Pa. 305, 311, 102 A.2d 170, 173 (1954) (citations, quotations and emphasis omitted). In essence, the term "jurisdiction" relates to the competency of an individual court or administrative body to determine controversies of the general class to which a particular case belongs. *Delaware River Port Authority v. Pennsylvania Public Utility Commission,* 408 Pa. 169, 178, 182 A.2d 682, 686 (1962).

 All Courts of Common Pleas have original jurisdiction over criminal proceedings. *Commonwealth v. Green,* 232 Pa.Super. 134, 144, 335 A.2d 493, 498 (1975) (discussing au-

thority of Courts of Common Pleas under Pennsylvania Constitution). The subject matter jurisdiction of a criminal court extends to the offenses committed within the county of trial. *Commonwealth v. Guess*, 266 Pa.Super. 359, 378, 404 A.2d 1330, 1339 (1979). Subject matter jurisdiction in the trial court exists by virtue of presentation of *prima facie* evidence that a criminal act occurred within the territorial jurisdiction of the court. *Commonwealth v. Goldblum*, 498 Pa. 455, 475, 447 A.2d 234, 244 (1982). *See Commonwealth v. Conforti*, 533 Pa. 530, 626 A.2d 129 (1993) (a court has no jurisdiction over an offense unless it occurred within the county of trial, or unless by some statute it need not occur within the county of trial).

To invoke the subject matter jurisdiction of a Court of Common Pleas, the Commonwealth must confront the defendant with a formal and specific accusation of the crimes charged. *Commonwealth v. Little*, 455 Pa. 163, 168, 314 A.2d 270, 272–73 (1974). In the instant case, this notice requirement was satisfied in September of 1985 when the Commonwealth filed and properly served Criminal Complaint No. 85/09–2368 1/1 bringing charges of theft and criminal conspiracy against appellant for acts alleged to have been committed in Philadelphia County. The question of whether a particular judge acted in a timely fashion pursuant to the Rules of Criminal Procedure when considering a probation violation simply does not impact on whether the Court of Common Pleas of Philadelphia County properly exercised subject matter jurisdiction over appellant's case.

Whether a court has jurisdiction over the person of a defendant is a separate question which is a condition subsequent to subject matter jurisdiction. *Strank v. Mercy Hospital of Johnstown*, 376 Pa. at 310, 102 A.2d at 172. Personal jurisdiction in a criminal matter is secured through the defendant's presence within the territorial jurisdiction of the court. *See, e.g., Commonwealth v. Bruno*, 203 Pa.Super. 541, 201 A.2d 434 (1964), *cert. denied*, 379 U.S. 965, 85 S.Ct. 656, 13 L.Ed.2d 558 (1965). Although lawful process is neces-

sary in order to bring a defendant into court on criminal charges, even an illegal arrest is not a bar to subsequent prosecution nor a defense to a valid conviction. *Commonwealth v. Carter*, 537 Pa. 233, 248, 643 A.2d 61, 68 (1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1317, 131 L.Ed.2d 198 (1995) (citing *United States v. Crews*, 445 U.S. 463, 100 S.Ct. 1244, 63 L.Ed.2d 537 (1980)).

Our research has failed to uncover any case law or statutory provision which indicates that either subject matter jurisdiction or jurisdiction over the person of a defendant who has been convicted of a crime can be voided because of delay in the application of a procedural rule. To the contrary, with regard to probation revocation, our Supreme Court has explicitly held that the controlling question is whether the facts presented to the court are probative and reliable and not whether traditional rules of procedure have been strictly observed. *Commonwealth v. Marchesano*, 519 Pa. 1, 6–7, 544 A.2d 1333, 1336 (1988) (citing *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)). This is so because probation is a discretionary penological measure to which a defendant has no absolute right. *Id.* The rule requiring a prompt revocation hearing is meant to avoid actual prejudice by preventing the absence of essential witnesses or the loss of evidence necessary to a proper determination by the court. *Id.* 519 Pa. at 7, 544 A.2d at 1336. In this case, appellant has not alleged that the delay in holding the revocation hearing caused actual prejudice which impacted upon the truth determining function of the hearing court. Instead, appellant urges us to find "technical" prejudice simply because a delay occurred. *Marchesano* forbids such a result. Under these circumstances, we conclude that the lower court correctly held that appellant is not entitled to PCRA relief.

Order affirmed.