J-S16007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| CHRISTOPHER BOCELLI | |
| Appellant | No. 1386 EDA 2015 |

Appeal from the Order April 15, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0004064-1990

BEFORE:  OTT, J., DUBOW, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                    **FILED FEBRUARY 19, 2016**

Appellant Christopher Bocelli appeals from the order of the Chester County Court of Common Pleas denying Appellant's petition for writ of *habeas corpus ad subjiciendum*, and various other petitions, motions, and applications.  We affirm.

On July 19, 1991, a jury convicted Appellant of murder in the first degree, robbery, aggravated assault, and criminal conspiracy.[1]  On February 8, 1995, the trial court sentenced Appellant to life imprisonment without parole for the first-degree murder conviction and concurrent sentences of 10 to 20 years' incarceration for the robbery conviction and 5 to 10 years' incarceration for the criminal conspiracy conviction.  The aggravated assault

_____

[1] 18 Pa.C.S. §§ 2502(1), 3701(a), 2702(a), and 903, respectively.

conviction merged for sentencing purposes. This Court affirmed the judgment of sentence on October 19, 1995, and the Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal.

On March 26, 2001, Appellant filed a *pro se* petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546. The PCRA court appointed counsel, who filed a petition to withdraw. On December 28, 2005, the trial court granted counsel's petition to withdraw and dismissed the PCRA petition. On March 26, 2007, this Court found the trial court failed to follow the dictates of ***Turner/Finley***[2] and remanded the case for further proceedings.

After remand, counsel filed a no-merit letter pursuant to ***Turner/Finley*** and a petition to withdraw. On January 14, 2011, the trial court issued a notice of intent to dismiss the PCRA petition and, on March 25, 2011, the trial court dismissed the petition and granted counsel's petition to withdraw.[3]

During the pendency of the PCRA proceedings, and following the conclusion of the proceedings, Appellant filed numerous petitions,

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa.1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super.1987) (*en banc*).

[3] During the PCRA proceedings, both before and after remand, the trial court issued numerous orders appointing new counsel.

applications, and appeals, in the trial court, this Court, the Supreme Court of Pennsylvania, and the Commonwealth Court of Pennsylvania.[4]

On November 6, 2014, Appellant filed a petition for writ of *habeas corpus ad subjiciendum*. On November 14, 2014, he filed a motion for order to show cause. On January 29, 2015, the Commonwealth filed an answer.[5] Appellant subsequently filed numerous other documents, including documents entitled: "Defendant's Statement of Objections and Notice of False Representation," "Motion to Cease and Desist all Contact," "Application for Relief," and "Affiant's Acceptance and Affidavit in Support of Administrative Record."

On April 15, 2015, the trial court denied and dismissed Appellant's pending petitions, motions, and applications. On April 27, 2015, Appellant filed a motion for reconsideration. On May 6, 2015, the trial court denied and dismissed the motion for reconsideration. On May 8, 2015, Appellant filed a timely notice of appeal.[6] The trial court did not order Appellant to file

_____

[4] Appellant also filed at least one petition for *habeas corpus* in the United States District Court for the Eastern District of Pennsylvania.

[5] On December 16, 2014, Appellant filed a motion for modification of order and application for immediate hearing. The trial court denied the motion for modification and application for immediate hearing on January 8, 2015.

[6] Appellant filed additional applications and petitions following the filing of the notice of appeal, including a July 8, 2015 petition for writ of *habeas corpus*. The trial court denied this petition. Appellant filed a notice of appeal, which was docketed at 2394 EDA 2015. This Court dismissed that appeal on November 24, 2015 for failure to file a brief.

J-S16007-16

a statement pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

On May 27, 2015, the trial court issued a statement pursuant to Rule

1925(a), incorporating its April 15, 2015 order.

Appellant raises the following issues on appeal:

> 1. Did the [trial] court abuse its discretion by overriding or misapplying the law in denying and summarily dismissing [Appellant's] petition for writ of *habeas corpus* without a hearing by adjudicating the matter upon unverified documents from outside of the record and without considering facts upon the face of the record?
>
> 2. Did the [trial] court abuse its discretion in referring to and relying upon findings of guilt reached by the jury which were not recorded pursuant to the form and rule regarding the recording of the verdict?
>
> 3. Did the [trial] court abuse its discretion by not creating an order discharging [Appellant] from civil arrest and commitment as a matter of right once [Appellant's] commitment exceeded 60 days upon judgment for court costs which was deferred until year 2099?

Appellant's Brief at 4-5.

Appellant appears to claim his incarceration is illegal because the trial

court failed to produce a written sentencing order.[7]   Such a challenge

_____

[7] In a prior appeal to this Court, Appellant argued he was entitled to bail because of the lack of the written sentencing order.  **See Commonwealth v. Bocelli**, 1593 EDA 2011 (Pa.Super. filed Feb. 6, 2012).  This Court found Appellant was not entitled to relief, reasoning:

> In any event, the certified record contains the transcripts of Appellant's trial, including a recording of the guilty verdict. Even assuming, *arguendo*, that Appellant has yet to be sentenced, at best, Appellant is in the posture of

*(Footnote Continued Next Page)*

properly is addressed as a writ of *habeas corpus*. **See Joseph v. Glunt**, 96 A.3d 365, 368-69 (Pa.Super.2014) (noting claim that defendant's "sentence is illegal due to the inability of the DOC to 'produce a written sentencing order related to [] judgment of sentence'" sounds in *habeas corpus*).

The writ of *habeas corpus* "lies to secure the immediate release of one who has been detained unlawfully, in violation of due process." **Joseph**, 96 A.3d at 369 (quoting **Commonwealth v. Wolfe**, 605 A.2d 1271, 1272–73 (Pa.Super.1992)). "[T]raditionally, the writ has functioned only to test the legality of the petitioner's detention." **Id.** Further, "*[h]abeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." **Id.** (quoting **Commonwealth v. McNeil**, 665 A.2d 1247, 1249–50 (Pa.Super.1995)). This Court's "standard of review of a trial court's order denying a petition for [a] writ of habeas corpus is limited to" determining whether the trial court abused its discretion. **Id.** (quoting **Rivera v. Penna. Dep't of Corrs.**, 837 A.2d 525, 528 (Pa.Super.2003)).

The certified record establishes a jury convicted Appellant of first-degree murder, robbery, aggravated assault, and conspiracy. When a person is found guilty of first-degree murder, the only possible sentences are

*(Footnote Continued)* ─────────────

> having been convicted of murder in the first degree. That posture alone prohibits his release on bail.

**Id.** at 2.

death or life imprisonment without parole. 18 Pa.C.S. § 1102(a).[8] Further, the certified record contains the transcript from the sentencing hearing and the sentencing sheet, both of which confirm Appellant was sentenced to life imprisonment without parole, 10 to 20 years' incarceration for robbery, and 5 to 10 years' incarceration for criminal conspiracy. A failure to provide a written sentencing order does not provide Appellant relief. *See Joseph*, 96 A.3d at 370.

Further, to the extent Appellant challenges his conviction by claiming the Commonwealth agreed to his version of the facts when it did not file an answer to some of his filings, the claim is meritless. *See, e.g.,* Appellant's Brief at 6, 8. The Commonwealth does not admit facts when it does not respond to a motion or petition. *See, e.g.,* Pa.R.Crim.P. 906(A) ("Except as provided in paragraph (E), an answer to a petition for post-conviction collateral relief is not required unless ordered by the judge. When the judge has not ordered an answer, the attorney for the Commonwealth may elect to answer, but the failure to file one shall not constitute an admission of the well-pleaded facts alleged in the petition."); Comments to Pa.R.Crim.P. 575 ("Paragraph (B)(1) changes prior practice by providing that the failure to answer a motion in a criminal case never constitutes an admission. Although this prohibition applies in all cases, even those in which an answer

---

[8] A version of this statute was in effect when the trial court sentenced Appellant. *See* 18 Pa.C.S. § 1102 (1983).

has been ordered in a specific case or is required by the rules, the judge would have discretion to impose other appropriate sanctions if a party fails to file an answer ordered by the judge or required by the rules.").

To the extent Appellant challenges the legality of his sentence, rather than the Department of Corrections' authority to keep him imprisoned without a sentencing order, such a challenge constitutes an untimely PCRA petition. 42 Pa.C.S. § 9542 ("The action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*."); ***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa.Super.2013) ("Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.*"). Appellant's judgment of sentence became final in 1996 and his November 6, 2014 petition is facially untimely. Appellant has not alleged the applicability of any exception to the PCRA's requirement that all PCRA petitions be filed within one year of the date Appellant's judgment of sentence became final. 42 Pa.C.S. § 9545(b) (providing a one-year time bar for the filing of PCRA petitions and providing three exceptions to the time bar). Accordingly, any challenge to the legality of Appellant's sentence would constitute an untimely PCRA petition, which we cannot review. ***Id.***; ***Taylor***, 65 A.3d at 466 ("Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition").

Accordingly, the trial court did not abuse its discretion and properly denied and dismissed Appellant's petitions, motions, and applications.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/19/2016