J-S32024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES WESTBROOK | |
| Appellant | No. 730 EDA 2015 |

Appeal from the Order January 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0800781-2004

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED JUNE 21, 2016**

Appellant, James Westbrook, appeals *pro se* from the January 30, 2015 order, denying his petition for writ of *habeas corpus*.  After careful review, we affirm.

We summarize the procedural history of this case, as discerned from the certified record, as follows.  Appellant was convicted by a jury of delivery of a controlled substance, 35 P.S. § 780-113(a)(30), on September 29, 2004.  On November 15, 2004, the trial court sentenced Appellant to a term of incarceration of 15 to 30 years.  This Court affirmed the judgment of sentence.  **See Commonwealth v. Westbrook**, 895 A.2d 635 (Pa. Super. 2006) (unpublished memorandum).  In subsequent years, Appellant filed

_____

[*] Retired Senior Judge assigned to the Superior Court.

two petitions pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  In each instance, the PCRA court denied relief, and the denials were affirmed on appeal.  *See Commonwealth v. Westbrook*, 988 A.2d 732 (Pa. Super. 2009) (unpublished memorandum), *appeal denied*, 8 A.3d 345 (Pa. 2010); *Commonwealth v. Westbrook*, 87 A.3d 384 (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 86 A.3d 233 (Pa. 2014).

On December 10, 2013, Appellant filed a petition for writ of *habeas corpus*.  Appellant claimed his detention by the Department of Corrections (DOC) was illegal because the DOC averred it was not in possession of a copy of Appellant's sentencing order as required by 42 Pa.C.S.A. § 9764(a)(8).  Petition for Writ of *Habeas Corpus*, 12/10/13, at 4.  On January 29, 2014, the trial court, treating Appellant's petition as a PCRA petition, filed a notice pursuant to Pennsylvania Rule of Criminal Procedure 907, noting Appellant's appeal from the denial of his second PCRA petition was still pending, such that the instant petition could not be filed.  On March 12, 2014, the trial court filed a second rule 907 notice indicating its intent to dismiss Appellant's petition as an untimely PCRA petition.  Appellant, on April 1, 2014, filed an answer to the trial court's notice of intent to dismiss, asserting his claim was not cognizable under the PCRA and therefore was properly filed as a petition for *habeas corpus* relief and was not untimely.

The trial court dismissed Appellant's petition on January 30, 2015. Appellant filed a timely notice of appeal on February 26, 2015.[1]

On appeal, Appellant raises the following issues for our review.

> A. Whether the Trial Court abused its discretion in dismissing the Instant Petition for Writ of *Habeas Corpus Ad Subjiciendum* since Appellant is confined pursuant to a Sentencing Order absent the Statute under Pennsylvania law that the Judge received Statutory Authorization from to impose the sentence?[2]
>
> B. Whether Due Process is violated where there is no remedy for the violation of a constitutional right?

Appellant's Brief at 3.

We initially note the trial court now recognizes that Appellant's petition was not cognizable under the PCRA and the dismissal on the basis it was an untimely PCRA petition was incorrect. Trial Court Opinion, 3/18/15, at 2 n.2. We agree. As noted above, the claim raised in Appellant's petition for writ of *habeas corpus* is that his detention by the DOC is illegal based on the DOC's purported lack of authority because it is not in possession of a copy of his sentencing order. Petition for Writ of *Habeas Corpus*, 12/10/13, at 4. As

---

[1] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court issued a Rule 1925(a) memorandum opinion on March 18, 2015.

[2] Notwithstanding the phrasing of this question, Appellant's contention is that the trial court erred in dismissing his petition because he is illegally detained where the DOC is not in possession of an order containing the authorization for his sentence. Appellant's Brief at 6. We address the issue accordingly.

such, Appellant does not challenge the legality of his sentence as entered by the trial court, which would be cognizable under the PCRA. ***See*** 42 Pa.C.S.A. § 9543; ***see also Commonwealth v. Hockenberry***, 689 A.2d 283, 288 (Pa. Super. 1997) (holding, "[i]ssues relating to the legality of sentence cannot be waived and are cognizable under the PCRA"), *appeal denied*, 695 A.2d 784 (Pa. 1997). Our Supreme Court "has never held that *habeas corpus* cannot provide a separate remedy, in appropriate circumstances. Indeed, the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute…." ***Commonwealth v. Judge***, 916 A.2d 511, 520 (Pa. 2007), *cert. denied*, 552 U.S. 1011 (2007); ***See also Joseph v. Glunt***, 96 A.3d 365, 368 (Pa. Super. 2014) (holding that a claim a defendant's confinement is illegal "due to the inability of the DOC to 'produce a written sentencing order related to [his] judgment of sentence' constitutes a claim legitimately sounding in *habeas corpus*"), *appeal denied*, 101 A.3d 787 (Pa. 2014).

The trial court opines that dismissal of Appellant's petition for writ of *habeas corpus* was nevertheless proper on the merits, and urges affirmance based on this Court's decision in ***Joseph***.[3] Trial Court Opinion 3/18/15, at 2-3. We therefore proceed with the following principles in mind. "[*H*]abeas

---

[3] "[T]his court may affirm the decision of the trial court if there is any basis on the record to support the trial court's action; this is so even if we rely on a different basis in our decision to affirm." ***Commonwealth v. O'Drain***, 829 A.2d 316, 322 n.7 (Pa. Super. 2003) (citation omitted)

*corpus* is a civil remedy which lies solely for commitments under criminal process." ***Commonwealth v. McNeil***, 665 A.2d 1247, 1249 (Pa. Super. 1995) (citation omitted). "*Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." ***Id.*** (citation omitted).

> Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.

***Rivera v. Pennsylvania Dept. of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003) (citations omitted), *appeal denied*, 857 A.2d 680 (Pa. 2004).

Instantly, Appellant's principal contention is as follows.

> Appellant is principally testing the legality of his commitment and detention, claiming the Sentencing Order by which he is detained do [sic] not exist. Because the Sentencing Order herein do [sic] not exist the [] DOC lacks the authority to detain Appellant pursuant to 37 Pa. Code § 91.3 (Reception of inmates), which provides the "DOC will accept and confine those persons committed to it under lawful court orders…when information has been provided to the DOC as required by 42 Pa.C.S.A. § 9764 (relating to information required upon commitment and subsequent disposition)." Appellant claims the DOC's inability to produce a copy of the Sentencing Order, constitutes a fatal failure that should result in his release….

Appellant's Reply Brief at 3.

Section 9764 provides in pertinent part as follows.

**§ 9764. Information required upon commitment and subsequent disposition**

**(a) General rule.**—Upon commitment of an inmate to the custody of the [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC–300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:

…

(8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).

We agree with the trial court that *Joseph* controls the outcome of this appeal. In *Joseph*, this Court confronted an identical issue challenging the authority of the DOC to detain the petitioner when it had no copy of his sentencing order pursuant to Section 9764(a)(8). We held as follows.

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate[s] an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

*Joseph*, *supra* at 371 (footnote omitted). Accordingly, the *Joseph* Court affirmed the trial court's denial of *habeas corpus* relief.

Appellant acknowledges the trial court record shows "the [trial] judge stated on the record at the sentencing hearing that Appellant was sentenced to a term of imprisonment of 15 to 30 years …." Appellant's Brief at 8. However, he argues a written order is required. "It is well-settled that the signed sentencing order takes precedence over oral statement of the sentencing court not incorporated into that order." *Id.* at 9. The **Joseph** Court dealt with a similar contention by the petitioner in that case, holding that a sentencing hearing transcript is sufficient evidence of a defendant's sentence. **Joseph**, **supra** at 371-372.

As noted by the trial court, "the [trial court] record confirm[s] that petitioner was officially sentenced on November 15, 2004." Trial Court Opinion, 3/18/15, at 2. Our review of the record substantiates that conclusion. Therefore, we determine the trial court's dismissal of Appellant's petition for writ of *habeas corpus* was legally correct, albeit on other grounds than those it contemporaneously relied on. **See Joseph**, **supra**.[4] We therefore affirm the trial court's January 30, 2015 order.

Order affirmed.

_____

[4] In his second issue, Appellant argues it would be a violation of due process to deny him an opportunity to address his claim of illegal confinement. Appellant's Brief at 11. This is essentially addressed to the trial court's initial decision to treat his petition as a PCRA petition, which in turn was foreclosed on timeliness grounds. Given our disposition of Appellant's first issue on its merits as a petition for *habeas corpus* relief, this issue is moot.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/21/2016</u>