J-S32021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LARRY STURGIS | |
| Appellant | No. 2779 EDA 2015 |

Appeal from the Order Dated September 1, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0903671-1986

BEFORE:  BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                      **FILED JUNE 21, 2016**

Appellant, Larry Sturgis, appeals *pro se* from the September 1, 2015 order denying his petition for writ of *habeas corpus ad subjiciendum*.  After careful review, we affirm.

The pertinent procedural history of this case is as follows.  Appellant was convicted of first-degree murder and possession of an instrument of crime following a bench trial.  The trial court sentenced Appellant on October 8, 1987 to a term of life imprisonment without possibility of parole.  On direct appeal, this Court affirmed the judgment of sentence. ***Commonwealth v. Sturgis***, 545 A.2d 389 (Pa. Super. 1988) (unpublished memorandum).  Subsequently, Appellant filed five petitions pursuant to the

_____

[*] Retired Senior Judge assigned to the Superior Court.

Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. All of Appellant's petitions were denied by the PCRA court, and each was affirmed on appeal.[1]

Meanwhile, Appellant made a request to the Department of Corrections (DOC) through the Right to Know Law, 65 Pa.C.S. §§ 67.101-67.3104, for a copy of his sentencing order. When the DOC declined on the basis that it possessed no copy of the sentencing order, Appellant appealed to the Commonwealth Court. The Commonwealth Court affirmed, noting the DOC could not turn over what it did not have. *Sturgis v. Dep't of Corr.*, 96 A.3d 445, 448 (Pa. Cmwlth. 2014), *appeal denied*, 104 A.3d 6 (Pa. 2014). Subsequently, on May 18, 2015, Appellant filed a petition for writ of *habeas corpus ad subjiciendum*, contending, *inter alia*, that his confinement was illegal because the DOC did not have a copy of his sentencing order as required by 42 Pa.C.S.A. § 9764(a)(8). Appellant filed his petition in the civil division of the Court of Common Pleas of Philadelphia County. On June 3, 2015, the matter was re-assigned and transferred to the criminal division.

_____

[1] *See Commonwealth v. Sturgis*, 626 A.2d 650 (Pa. Super. 1993) (unpublished memorandum), *appeal denied*, 634 A.2d 220 (Pa. 1993); *Commonwealth v. Sturgis*, 737 A.2d 1279 (Pa. Super. 1999) (unpublished memorandum); *Commonwealth v. Sturgis*, 778 A.2d 1248 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 796 A.2d 982 (Pa. 2001); *Commonwealth v. Sturgis*, 911 A.2d 187 (Pa. Super. 2006) (unpublished memorandum), *appeal denied*, 921 A.2d 496 (Pa. 2007); *Commonwealth v. Sturgis*, 105 A.3d 795 (Pa. Super. 2014) (unpublished memorandum).

On September 1, 2015, the trial court denied Appellant's petition. Appellant filed a timely notice of appeal on September 10, 2015.[2]

On appeal, Appellant raises the following issues for our consideration.

> i. Whether the transferring of [Appellant's] petition for writ of *habeas corpus subjiciendum* from the civil court of record to the criminal court of record was improper as the writ of *habeas corpus subjiciendum* is a civil remedy?

> ii. Whether the substance of the trial court's refusal to furnish *habeas corpus* relief due to the [DOC's] and the clerk of court of Philadelphia County's inability to produce a written copy of Appellant's judgment of sentence is in erro [sic] based upon statutory subsection 42 Pa.C.S.A. § 9764(a)(8)?

Appellant's Brief at 4.

We address Appellant's second issue first, because it is dispositive of this appeal. Our standard of review is well settled. "[*H*]*abeas corpus* is a civil remedy which lies solely for commitments under criminal process." ***Commonwealth v. McNeil***, 665 A.2d 1247, 1249 (Pa. Super. 1995) (citation omitted). "*Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." ***Id.*** (citation omitted).

---

[2] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court issued a Rule 1925(a) memorandum opinion on October 16, 2015.

Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason. As in all matters on appeal, the appellant bears the burden of persuasion to demonstrate his entitlement to the relief he requests.

*Rivera v. Pennsylvania Dept. of Corr.*, 837 A.2d 525, 528 (Pa. Super. 2003) (citations omitted), *appeal denied*, 857 A.2d 680 (Pa. 2004).

Initially, we note the trial court determined that Appellant's claim was properly advanced as a petition for writ of *habeas corpus ad subjiciendum* rather than as a collateral claim under the PCRA. Trial Court Opinion, 10/16/15, at 2. The claim raised in Appellant's petition for writ of *habeas corpus ad subjiciendum* is that his detention by the DOC is illegal based on the DOC's purported lack of authority in the absence of required documentation. Petition for Writ of *Habeas Corpus ad Subjiciendum*, 6/3/15, at 7. As such, Appellant does not challenge the legality of his sentence as entered by the trial court, which would be cognizable under the PCRA. *See* 42 Pa.C.S.A. § 9543; *see also Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997) (holding, "[i]ssues relating to the legality of sentence cannot be waived and are cognizable under the PCRA"), *appeal denied*, 695 A.2d 784 (Pa. 1997). Our Supreme Court "has never held that *habeas corpus* cannot provide a separate remedy, in appropriate circumstances. Indeed, the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the

statute….” ***Commonwealth v. Judge***, 916 A.2d 511, 520 (Pa. 2007), *cert. denied*, ***Judge v. Pennsylvania***, 552 U.S. 1011 (2007); ***See also Joseph v. Glunt***, 96 A.3d 365, 368 (Pa. Super. 2014) (holding that a claim a defendant's confinement is illegal “due to the inability of the DOC to ‘produce a written sentencing order related to [his] judgment of sentence’ constitutes a claim legitimately sounding in *habeas corpus*”), *appeal denied*, 101 A.3d 787 (Pa. 2014).

Appellant asserts his “most substantial argument is based upon statutory subsection 9764(a)(8) of the Sentencing Code.”  Appellant's Brief at 15.  That provision provides as follows.

> **§ 9764. Information required upon commitment and subsequent disposition**
>
> **(a) General rule.**—Upon commitment of an inmate to the custody of the [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC–300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:
>
> …
>
> (8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S. § 9764(a)(8).  Appellant argues “that the word ‘shall’, as used in subsection 9764, is mandatory and provides the only means to establish DOC's jurisdiction to detain a prisoner.”  Appellant's Brief at 16.

The trial court, noting the trial court record evidenced Appellant's sentence, determined that "[t]he fact that there is no commitment form does not entitle [Appellant] to any relief when the [DOC] had continuous authority to detain Petitioner." Trial Court Opinion, 10/16/15, at 2, *citing Joseph*, *supra*. We agree that *Joseph* controls the outcome of this appeal. In *Joseph*, this Court confronted an identical issue challenging the authority of the DOC to detain the petitioner when it had no copy of his sentencing order pursuant to Section 9764(a)(8). In *Joseph*, this Court held as follows.

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate[s] an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

*Joseph*, *supra* at 371 (footnote omitted). Accordingly, the *Joseph* Court affirmed the trial court's denial of *habeas corpus* relief.

The same result is dictated here. Therefore, we conclude the trial court committed no error of law or abuse of discretion in denying Appellant's

petition for writ of *habeas corpus ad subjiciendum*.[3]  ***See Id.***  Accordingly,

we affirm the trial court's September 1, 2015 order.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/21/2016

---

[3] In his first issue, Appellant asserts it was error for the trial court to transfer the case from the civil division to the criminal division under a new caption. Given our disposition of the merits of Appellant's *habeas corpus* claim, we deem this procedural issue to be moot.  We therefore do not need to address Appellant's first allegation of error.  We note however, that the trial court did not alter the nature of Appellant's action by virtue of the transfer, and disposed of the matter as a *habeas corpus* proceeding.