J-S82041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| LEROY STALLWORTH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| JOHN KERESTES, | |
| Appellee | No. 561 MDA 2016 |

Appeal from the Order Entered March 15, 2016
in the Court of Common Pleas of Lancaster County
Civil Division at No.: CI-14-03206

BEFORE:  OTT, J., DUBOW, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED DECEMBER 15, 2016**

Appellant, Leroy Stallworth, appeals *pro se* from the March 15, 2016 order denying his petition for a writ of *habeas corpus*.  On appeal, Appellant claims that the trial court erred in deeming his petition for a writ of *habeas corpus* to be an untimely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and in finding that, regardless, the petition lacked merit.  After careful review, we affirm.

We take the underlying facts and procedural history in this matter from the Pennsylvania Supreme Court's decision on direct appeal, our previous decision denying Appellant's first petition pursuant to the PCRA, and as discerned from the certified record.  On January 25, 1999, a jury

_____

[*] Retired Senior Judge assigned to the Superior Court.

convicted Appellant of murder of the first degree and burglary.[1]   On February 23, 1999, the trial court sentenced him to death.  On October 4, 2001, the Pennsylvania Supreme Court vacated Appellant's death sentence. (*See Commonwealth v. Stallworth*, 781 A.2d 110, 126 (Pa. 2001)).  On December 19, 2001, the trial court resentenced Appellant to a term of life in prison.  Appellant did not file a direct appeal.

On August 22, 2012, Appellant filed a first PCRA petition, alleging that his sentence was illegal pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012).  (*See Commonwealth v. Stallworth*, 2189 MDA 2012, at *2 (unpublished memorandum) (Pa. Super. filed Nov. 7, 2013)).  The PCRA court ultimately denied the petition on November 5, 2012.  (*See id.*).  On appeal, this Court affirmed the denial of the PCRA petition, finding *Miller* inapplicable because Appellant was age twenty-three at the time he committed the offense.  (*See id.* at *5-6).  Appellant did not seek leave to appeal to the Pennsylvania Supreme Court.

On April 11, 2014, Appellant filed the instant, *pro se* petition for a writ of *habeas corpus* against John Kerestes, then Superintendent of SCI Mahanoy, in the Court of Common Pleas of Lancaster County, Civil Division. Appellant claimed his detention by the Department of Corrections (DOC) was

---

[1] *See* 18 Pa.C.S.A. §§ 2502(a) and 3502, respectively.

illegal on the basis that the DOC lacked the authority to detain him because his sentencing order was not valid as required by 42 Pa.C.S.A. § 9764(a)(8).[2] (**See** Petition for Writ of *Habeas Corpus*, 4/11/14, at 5). Appellant filed an amendment to the petition on April 23, 2014.

On December 3, 2015, the trial court, treating Appellant's petition as a PCRA petition, filed a notice pursuant to Pennsylvania Rule of Criminal Procedure 907 stating its intention to dismiss the petition as untimely. (**See** Rule 907 Notice, 12/03/15, at 5). Alternatively, the trial court noted that, as a petition for *habeas corpus*, it was frivolous. (**See id.**). On December 28, 2015, Appellant filed an answer to the Rule 907 notice, relying on this

_____

[2] The basis for Appellant's claim that his sentencing is not valid or lacks statutory authority is not clear. At one point, Appellant contends that he is eligible for relief because the DOC lacks the authority to detain him "due to the fact that there exists no legal document, stating that [Appellant] has ever been convicted of a crime or sentenced for any crime." (Petition for Writ of *Habeas Corpus* at 5) (unnecessary capitalization omitted). Later, Appellant again implies that there is no valid sentencing order in his case. (**See id.** at 12-14). However, in his amendment to his petition for a writ of *habeas corpus*, Appellant states,

> . . . [Appellant] does not challenge his conviction and sentence as unlawful because a sentencing order is not in possession of [the DOC] or trial court, he freely acknowledges a sentencing order does exist. . . . Instead, [Appellant] challenges the sentencing court's ability to lawfully restrain his liberty where the requisite statutory provisions that bind conviction of penal statutes to legitimize sentencing for custody purposes, are completely devoid in the records that exist.

(Amendment to Petition for Writ of *Habeas Corpus*, 4/23/14, at 3-4) (unnecessary capitalization omitted).

Court's unpublished memorandum in *Commonwealth v. Canady*, No. 1157 WDA 2013, at **2-4 (Pa. Super. filed Apr. 10, 2014) (unpublished memorandum), for the proposition that his claim was not cognizable under the PCRA and therefore was properly filed as a petition for *habeas corpus* relief and was not untimely. (*See* [Appellant's] Objection to Court's Rule 907 Notice, 4/10/14, at 2-9). The court dismissed Appellant's petition on March 15, 2015. Appellant filed a timely notice of appeal on April 7, 2015.[3]

On appeal, Appellant raises the following question for our review:

> Whether the [trial court] erred and denied Appellant his [d]ue [p]rocess of [l]aw rights under Art. 1, Sec. 9, of the Pennsylvania Constitution by foreclosing his right under Art. 1, § 9., cl. 2, of the U.S. Constitution to utilize the [w]rit of [h]abeas [c]orpus to challenge an illegal detention claim not cognizable under the [PCRA] statute consistent with 42 Pa.C.S.[A.] § 6503(b)?

(Appellant's Brief, at 4) (unnecessary emphases omitted).

Appellant appeals from the denial of his *habeas corpus* petition. We have stated, "[H]*abeas corpus* is a civil remedy which lies solely for commitments under criminal process." *Commonwealth v. McNeil*, 665 A.2d 1247, 1249 (Pa. Super. 1995) (citation omitted). "*Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." *Id.* (citation

_____

[3] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). On May 10, 2015, the court filed an opinion. *See* Pa.R.A.P. 1925(a).

omitted). "Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason." ***Rivera v. Pa. Dep't of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003), *appeal denied*, 857 A.2d 680 (Pa. 2004) (citations omitted).

Appellant argues that the trial court erred in finding that his petition was an improperly filed PCRA. (***See*** Appellant's Brief, at 9-14). We agree.[4]

As noted above, the claim raised in Appellant's petition for writ of *habeas corpus* is that his detention by the DOC is illegal based on the DOC's purported lack of authority because "the requisite statutory provisions that bind conviction of penal statutes to legitimize sentencing for custody purposes, are completely devoid in the records that exist." (Amendment to Petition for Writ of *Habeas Corpus*, at 3-4) (unnecessary capitalization omitted). He does not assert his innocence or that his sentence was illegal when imposed. (***See*** Appellant's Brief, at 10). Thus, Appellant does not challenge the legality of his sentence, a claim cognizable under the PCRA.

_____

[4] While Appellant is correct in claiming that his petition was not an improperly filed PCRA petition, the trial court was correct in its statement that Appellant should have filed his petition in the criminal division not the civil division of the Court of Common Pleas of Lancaster County, (***See*** Trial Court Opinion, 5/10/16, at 2). ***See Brown v. Pa. Dept. of Corr.***, 81 A.3d 814, 815 (Pa. 2013) (*per curiam*) (holding petition for writ of *habeas corpus* should be filed in court of record from which judgment of sentence originated).

- 5 -

*See* 42 Pa.C.S.A. § 9543; *see also Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997), *appeal denied*, 695 A.2d 784 (Pa. 1997) (holding, "[i]ssues relating to the legality of sentence cannot be waived and are cognizable under the PCRA.") (citation omitted).

The Pennsylvania Supreme Court "has never held that *habeas corpus* cannot provide a separate remedy, in appropriate circumstances. Indeed, the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute[.]" *Commonwealth v. Judge*, 916 A.2d 511, 520 (Pa. 2007), *cert. denied*, 552 U.S. 1011 (2007); *see also Joseph v. Glunt*, 96 A.3d 365, 368 (Pa. Super. 2014), *appeal denied*, 101 A.3d 787 (Pa. 2014) (holding claim that defendant's confinement is illegal "due to the inability of the DOC to 'produce a written sentencing order related to [his] judgment of sentence' constitutes claim legitimately sounding in *habeas corpus*") (citations omitted). Therefore, we agree with Appellant that the trial court erred in deeming his petition to be an improperly filed PCRA petition.

However, this does not end our inquiry. As discussed below, this Court has held that claims such as those raised by Appellant are not cognizable. *See Joseph*, *supra* at 371. Thus, even if the trial court had treated his pleading as a petition for a writ of *habeas corpus*, we decline Appellant's request to vacate the trial court's order and remand this matter. (*See* Appellant's Brief, at 14).

As noted above, Appellant is principally testing the legality of his confinement and detention, claiming that the sentencing order lacks necessary statutory authority. (*See* Amendment to Petition for Writ of *Habeas Corpus*, at 3-4). Thus, he claims that the DOC does not have the authority to detain him pursuant to 37 Pa. Code § 91.3 (Reception of inmates), which provides, in pertinent part, the "[DOC] will accept and confine those persons committed to it under lawful court orders . . . when information has been provided to the DOC as required by 42 Pa.C.S.A. § 9764 (relating to information required upon commitment and subsequent disposition)." 37 Pa. Code § 91.3; (*see also* Appellant's Brief, at 10).

Section 9764 provides, in pertinent part, as follows:

**(a) General rule.**—Upon commitment of an inmate to the custody of the [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC–300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:

\* \* \*

(8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S.A. § 9764(a)(8).

In **Joseph**, this Court addressed a similar issue, a defendant challenging the authority of the DOC to detain the petitioner when it had no copy of his sentencing order pursuant to Section 9764(a)(8). We held:

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate[s] an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

*Joseph*, *supra* at 371 (footnote omitted). Accordingly, the *Joseph* Court affirmed the trial court's denial of *habeas corpus* relief.

Furthermore, in his brief, Appellant admits "that he has been duly convicted and sentenced in accordance with the State and federal Constitutions." (Appellant's Brief, at 13). He attached a copy of the sentencing order, which specifically designates his sentence as "life in prison." (Petition for Writ of *Habeas Corpus*, Exhibit A, Sentencing Order). Our previous decision denying Appellant's first PCRA petition noted that, following remand, Appellant was resentenced to life in prison. (*See Stallworth*, *supra* at *2). This is sufficient evidence of Appellant's sentence. *See Joseph*, *supra* at 371-72. Therefore, we conclude the trial court's dismissal of Appellant's petition for writ of *habeas corpus* was legally correct. *See Joseph*, *supra* at 372. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>12/15/2016</u>