J-S09041-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND V. WILLIAMS, | |
| Appellant | No. 638 EDA 2016 |

Appeal from the PCRA Order January 15, 2016
in the Court of Common Pleas of Philadelphia County
Criminal Division at No.: CP-51-CR-0204911-2005

BEFORE: SHOGAN, J., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                          **FILED APRIL 17, 2017**

Appellant, Raymond V. Williams, appeals *pro se* from the January 15, 2016 order denying his petition for a writ of *habeas corpus*. On appeal, Appellant claims that the trial court erred in deeming his petition for a writ of *habeas corpus* to be an untimely petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, and in finding that, regardless, the petition lacked merit. After careful review, we affirm.

We take the underlying facts and procedural history in this matter from the trial court's January 15, 2016 opinion and our independent review of the certified record. On April 7, 2005, Appellant entered an open guilty plea to one count each of murder of the first degree and rape. The trial

_____

[*] Retired Senior Judge assigned to the Superior Court.

court immediately sentenced Appellant to term of life imprisonment. Appellant did not file a direct appeal.

On June 18, 2012, Appellant filed a petition for a writ of *habeas corpus*. The PCRA court deemed Appellant's filing to be an untimely PCRA petition and dismissed it on August 27, 2012. Appellant initially filed an appeal of the dismissal, but withdrew his appeal on January 11, 2013.

On February 27, 2013, Appellant filed the instant, *pro se* petition for a writ of *habeas corpus* against Michael Wenerowicz, then Superintendent of SCI Graterford, in the Court of Common Pleas of Philadelphia County, Criminal Division. Appellant claimed his detention by the Department of Corrections (DOC) was illegal on the basis that the DOC lacked the authority to detain him because there was no written sentencing order. (**See** Petition for Writ of *Habeas Corpus*, 2/27/13, at unnumbered page 2). Appellant filed an amendment to the petition on May 21, 2014.

On November 17, 2015, the trial court, treating Appellant's petition as a PCRA petition, filed a notice pursuant to Pennsylvania Rule of Criminal Procedure 907 stating its intention to dismiss the petition as untimely. **See** Pa.R.Crim.P. 907(1). On December 3, 2015, Appellant filed an answer to the Rule 907 notice. The court dismissed Appellant's petition on January 15, 2016. In its decision, it acknowledged that it had been incorrect to deem the petition to be an untimely PCRA petition, but found that the claim raised by Appellant lacked merit. (**See** Trial Court Opinion, 1/15/16, at

unnumbered pages 2-3). Appellant filed a timely notice of appeal on February 12, 2016.[1]

On appeal, Appellant raises five interrelated and repetitive claims, chiefly arguing that the trial court erred in deeming his petition for a writ of *habeas corpus* to be a PCRA petition, and contending that his claim is a meritorious one. (*See* Appellant's Brief, at 4-5).

Appellant appeals from the denial of his *habeas corpus* petition. We have stated, "[*H*]*abeas corpus* is a civil remedy which lies solely for commitments under criminal process." ***Commonwealth v. McNeil***, 665 A.2d 1247, 1249 (Pa. Super. 1995) (citation omitted). "*Habeas corpus* is an extraordinary remedy and may only be invoked when other remedies in the ordinary course have been exhausted or are not available." ***Id.*** at 1250 (citation omitted). "Our standard of review of a trial court's order denying a petition for writ of *habeas corpus* is limited to abuse of discretion. Thus, we may reverse the court's order where the court has misapplied the law or exercised its discretion in a manner lacking reason." ***Rivera v. Pa. Dep't of Corr.***, 837 A.2d 525, 528 (Pa. Super. 2003), *appeal denied*, 857 A.2d 680 (Pa. 2004) (citations omitted).

---

[1] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). It did not issue any additional opinions. *See* Pa.R.A.P. 1925(a).

Here, Appellant argues that the trial court erred in finding that his petition was an improperly filed PCRA. (**See** Appellant's Brief, at 9-14). We agree.

As noted above, the claim raised in Appellant's petition for writ of *habeas corpus* is that his detention by the DOC is illegal based on the DOC's purported lack of authority because there is no written judgment of sentence. (**See id.** at 12-13). He does not assert his innocence or that his sentence was illegal when imposed. (**See id.** at 9-14). Thus, Appellant does not challenge the legality of his sentence, a claim cognizable under the PCRA. **See** 42 Pa.C.S.A. § 9543; **see also Commonwealth v. Hockenberry**, 689 A.2d 283, 288 (Pa. Super. 1997), *appeal denied*, 695 A.2d 784 (Pa. 1997) (holding, "[i]ssues relating to the legality of sentence cannot be waived and are cognizable under the PCRA.") (citation omitted).

The Pennsylvania Supreme Court "has never held that *habeas corpus* cannot provide a separate remedy, in appropriate circumstances. Indeed, the boundaries of cognizable claims under the PCRA can only be extended so far as is consistent with the purposes of the statute[.]" **Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007), *cert. denied*, 552 U.S. 1011 (2007) (citations omitted); **see also Joseph v. Glunt**, 96 A.3d 365, 368 (Pa. Super. 2014), *appeal denied*, 101 A.3d 787 (Pa. 2014) (holding claim that defendant's confinement is illegal "due to the inability of the DOC to 'produce a written sentencing order related to [his] judgment of sentence' constitutes

a claim legitimately sounding in *habeas corpus*") (citations omitted). Therefore, we agree with Appellant that the trial court erred in deeming his petition to be an improperly filed PCRA petition.

However, this does not end our inquiry. As discussed below, this Court has held that claims such as those raised by Appellant are not cognizable. ***See Joseph***, ***supra*** at 371. Thus, we must affirm the dismissal of Appellant's petition.

As noted above, Appellant is principally testing the legality of his confinement and detention, claiming that there is no written sentencing order. (***See*** Appellant's Brief, at 12-13). Thus, in essence, he claims that the DOC does not have the authority to detain him pursuant to 37 Pa. Code § 91.3 (Reception of inmates), which provides, in pertinent part, the "[DOC] will accept and confine those persons committed to it under lawful court orders . . . when information has been provided to the [DOC] as required by 42 Pa.C.S.A. § 9764 (relating to information required upon commitment and subsequent disposition)." 37 Pa. Code § 91.3.

Section 9764 of the Sentencing Code provides, in pertinent part, as follows:

> **(a) General rule.**—Upon commitment of an inmate to the custody of the [DOC], the sheriff or transporting official shall provide to the institution's records officer or duty officer, in addition to a copy of the court commitment form DC–300B generated from the Common Pleas Criminal Court Case Management System of the unified judicial system, the following information:

*    *    *

(8) A copy of the sentencing order and any detainers filed against the inmate which the county has notice.

42 Pa.C.S.A. § 9764(a)(8).

In **Joseph**, this Court addressed a similar issue, a defendant challenging the authority of the DOC to detain him when it had no copy of his sentencing order pursuant to Section 9764(a)(8). We held:

> The language and structure of section 9764, viewed in context, make clear that the statute pertains not to the DOC's authority to detain a duly-sentenced prisoner, but, rather, sets forth the procedures and prerogatives associated with the transfer of an inmate from county to state detention. None of the provisions of section 9764 indicate[s] an affirmative obligation on the part of the DOC to maintain and produce the documents enumerated in subsection 9764(a) upon the request of the incarcerated person. Moreover, section 9764 neither expressly vests, nor implies the vestiture, in a prisoner of any remedy for deviation from the procedures prescribed within.

**Joseph**, **supra** at 371 (footnote omitted). Accordingly, the **Joseph** Court affirmed the trial court's denial of *habeas corpus* relief.

Furthermore, in his brief, Appellant admits he pleaded guilty to a charge of murder in the first degree. (**See** Appellant's Brief, at 6). He acknowledges that he was immediately sentenced to a term of incarceration of not less than life. (**See id.**). This is sufficient evidence of Appellant's sentence. **See Joseph**, **supra** at 371-72. Therefore, we conclude the trial court's dismissal of Appellant's petition for writ of *habeas corpus* was legally correct. **See id.** at 372. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2017