J-S23023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY FELICIANO | : | |
| | : | No. 3017 EDA 2019 |
| Appellant | : | |

Appeal from the PCRA Order Entered October 3, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0004137-2011

BEFORE: NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.: **FILED JUNE 03, 2020**

Anthony Feliciano (Appellant) appeals, *pro se*, from the order entered in the Philadelphia County Court of Common Pleas dismissing his petition for writ of *habeas corpus*. The court below determined the filing was a second petition pursuant to the Post Conviction Relief Act[1] (PCRA), seeking collateral relief from his negotiated guilty plea to third-degree murder and possession of an instrument of crime (PIC).[2] On appeal, he contends (1) the sentencing statutes applied by the trial court are unconstitutionally vague; (2) the statute defining third-degree murder is unconstitutionally vague; and (3) trial counsel

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 2502(c), 907.

was ineffective for failing to inform him of his post-sentence appeal rights. We affirm.

The relevant factual and procedural history is set forth as follows.

On September 24, 2010, in the early morning hours, the decedent[,] 19-year-old Mr. Terrence Hicks, Junior, traveled, with several of his friends, to North Philadelphia . . . specifically Indiana Avenue, between 5th Street, 4th Street, and Lawrence Streets.

Mr. Hicks went with several of his associates up to that area for purposes of taking over that area, because they had learned that the individual that had run that area for drug sales was recently locked up by the federal government.

When they went up to that area, [Appellant] drove by and he told these individuals to get off his block. They did not get off his block. [Appellant] drove away and he came back moments later on foot.

Sometime around 10:45 a.m., there was an altercation between [Appellant], Mr. Hicks and Mr. Hicks' associates. There was a fistfight with Mr. Hicks and Mr. Hicks' associates. They were fighting [Appellant]. They were punching [Appellant] and [Appellant] backed up, pulled out his firearm from his waist area and started firing.

Mr. Terrence Hicks was shot through the arm. . .and into his right chest[.] The bullet went through his torso [and it] went through his [ ] ventricles and his aorta. It severed his lung and lodged in his liver. [He was pronounced dead after being transported to the hospital.]

PCRA Ct. Op., 10/3/19, at 2 (citation omitted).

On January 27, 2011, Philadelphia police arrested and charged Appellant with murder and related offenses. On April 2, 2013, Appellant entered a negotiated guilty plea to third-degree murder and PIC. That same day, the

trial court imposed the negotiated sentence of 20 to 40 years' incarceration for third-degree murder.[3] Appellant did not file an appeal.

On November 4, 2013, Appellant filed a *pro se* motion to vacate for lack of statutory authorization. No action was taken on this motion. Subsequently, on March 28, 2016, Appellant filed a PCRA petition, raising the same issue presented in his November 2013 motion to vacate. The PCRA court appointed counsel, who later sought permission to withdraw and filed a **Turner**/**Finley**[4] "no merit" letter. On July 18, 2017, the PCRA court issued a notice of intent to dismiss pursuant to Pa.Crim.P. 907. Appellant filed a *pro se* response to appointed counsel's **Turner**/**Finley** letter, but did not file a response to the court's notice of intent to dismiss. On September 7, 2017, the PCRA court dismissed the PCRA petition and granted counsel's petition to withdraw. Appellant did not file a notice of appeal.

On July 30, 2019, Appellant filed the underlying petition for writ of *habeas corpus*, which the PCRA court treated as his second PCRA petition. On August 19, 2019, the PCRA court issued a Rule 907 notice of intent to dismiss the petition as untimely filed. Appellant did not respond to this notice, but instead filed an identical petition for writ of *habeas corpus* on September 30,

---

[3] The trial court imposed no further penalty for PIC.

[4] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

2019. On October 3, 2019, the PCRA court dismissed Appellant's petition as untimely filed. Appellant timely filed a notice of appeal on October 18, 2019.[5]

Appellant raises the following issue on appeal:

Whether the trial court abused its discretion in dismissing Appellant's petition for habeas corpus relief alleging he is illegally confined on the basis of a third-degree murder conviction 18 Pa.C.S. Section 1102(d) that violates due process, is unconstitutional, and void under the vagueness doctrine because the statute fails to give fair notice of that action(s) constitute the offense and the sentence statute does not authorize a mandatory term?

Appellant's Brief at 2.

Appellant first argues that 18 Pa.C.S. § 1102(d), which governs the imposition of sentence for third-degree murder, is void for vagueness.[6] Relying on *Commonwealth v. Rouse*, 191 A.3d 1 (Pa. Super. 2018), Appellant contends his claim is not cognizable under the PCRA, and he properly raised the issue in a petition for writ of *habeas corpus*. Moreover, Appellant insists he did not waive his claim, because he "was not informed on the record that failure to so file would affect his right to raise issues upon appeal." Appellant's Brief at 12. Appellant concludes that the court should not have treated his filing as a PCRA petition, his trial counsel was ineffective

---

[5] The PCRA court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

[6] *See* 18 Pa.C.S. § 1102(d) ("[A] person who has been convicted of murder of the third degree . . . shall be sentenced to a term which shall be fixed by the court at not more than 40 years.").

by failing to inform him of his obligations and appellate rights, and this Court must reverse the order denying relief. We disagree.

Preliminarily, the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus* and *coram nobis*." 42 Pa.C.S. § 9542. "Under the plain words of the statute, if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive** to the PCRA. It is only where the PCRA does not encompass a claim that other collateral procedures are available." *Commonwealth v. Pagan*, 864 A.2d 1231, 1233 (Pa. Super. 2004) (citations omitted).

Regarding the question of whether the PCRA encompasses Appellant's claim, this Court addressed a similar issue in *Rouse*. In that case, the petitioner submitted a *pro se* petition for writ of *habeas corpus*, contending that Section 1102(b), which mandates a life sentence for second-degree murder, was void for vagueness. *Rouse*, 191 A.3d at 2. The PCRA court construed the petitioner's argument as a challenge to the legality of his sentence and treated his filing as a PCRA petition. *Id.* at 3. On appeal, this Court determined that the petitioner's void-for-vagueness argument was not cognizable under the PCRA:

> [B]ecause [the petitioner's] claim does not challenge the imposition of a sentence in excess of the lawful maximum, it does not fall under the purview of Section 9543(a)(2)(vii). And, to the extent that Section 9543(a)(2)(vii) encompasses all illegal-

sentencing issues, [the petitioner's] claim does not implicate any category of illegal sentences previously recognized by Pennsylvania Courts. Moreover, because [the petitioner's] constitutional challenge to Section 1102(b) does not implicate his guilt or innocence for the underlying offense, his void-for-vagueness claim cannot arise under the typical provision used to address constitutional errors, Section 9543(a)(2)(i).

*Id.* at 7.

Ultimately, this Court treated the filing as a petition for *habeas corpus* relief, but it held that the petitioner had waived his claim:

[The petitioner's] void-for-vagueness claim, just like all claims (but for the three categories of illegal-sentencing claims), is subject to waiver. *Habeas corpus* is an extraordinary remedy and is available after other remedies have been exhausted or ineffectual or nonexistent. It will not issue if another remedy exists and is available. As [the petitioner's] claim could have been raised at his sentencing hearing, or in a post-sentence motion, he failed to exhaust all available remedies before resorting to *habeas corpus*. Accordingly, we deem his claim waived and, therefore, affirm the trial court's order dismissing his petition on that basis.

*Rouse*, 191 A.3d at 6-7 (citations and quotation marks omitted). *See also Commonwealth v. McNeil*, 665 A.2d 1247, 1250 (Pa. Super. 1995) (explaining issues are not cognizable under remedy of *habeas corpus* if they could have been considered and corrected in regular course of appellate review).

Instantly, we conclude Appellant's specific void-for-vagueness claim regarding Section 1102(d) was not cognizable under the PCRA. *See Rouse*, 191 A.3d at 6-7. Nevertheless, as in *Rouse*, Appellant failed to raise his claim at sentencing or in a post-sentence motion. Because Appellant "failed to exhaust all available remedies before seeking relief under *habeas corpus*,"

Appellant waived this claim. *See id.* Although the PCRA court denied relief on the ground Appellant's *habeas corpus* petition was an untimely PCRA petition, we note, "as an appellate court, we may affirm on any legal basis supported by the certified record." *See id.* at 7 (citation omitted).

As noted *supra*, Appellant also argues the third-degree murder statute, 18 Pa.C.S. § 2502(c), is unconstitutionally vague and counsel was ineffective for failing to inform Appellant about his post-sentence appeal rights. To the extent these claims are cognizable under the PCRA, we agree with the PCRA court's determination that Appellant's petition was untimely filed, and he failed to plead and prove any of the timing exceptions. *See* 42 Pa.C.S. § 9545(b). Accordingly, we rest on the court's well-reasoned analysis. *See* PCRA Ct. Op. at 4 (explaining Appellant's judgment of sentence became final on May 2, 2013, the instant petition filed five years later is facially untimely, and Appellant "fails to allege that the instant petition falls under a timeliness exception").

Therefore, we affirm the order denying Appellant's petition, albeit on a different basis. *See Rouse,* 191 A.3d at 7.

As we have adopted a portion of the PCRA court's analysis, the parties are directed to attach a copy of the PCRA court's October 3, 2019, opinion to any future filings made in this Court.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 6/3/2020*

**IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : CP-51-CR-0004137-2011 |
| | : |
| | : **FILED** |
| v. | : |
| | : OCT 03 2019 |
| | : |
| ANTHONY FELICIANO | : PCRA Unit |
| | : CP Criminal Listings |
| | : |

**ORDER AND OPINION**

**McDermott, J.**                                                   **October 3, 2019**

**Procedural History**

On January 27, 2011, the Petitioner, Anthony Feliciano, was arrested and charged with

Murder and related offenses. On April 2, 2013, the Petitioner appeared before the Honorable

Lillian Ransom and entered into a negotiated guilty plea to Third-Degree Murder and Possession

of an Instrument of Crime ("PIC"). On that same date, Judge Ransom imposed the negotiated

sentence of twenty to forty years imprisonment for Third-Degree Murder.[1] The Petitioner did not

appeal.

On November 4, 2013, the Petitioner filed a *pro se* Motion to Vacate for Lack of Statutory

Authorization, which this Court treated as a *pro se* Post-Conviction Relief Act ("PCRA")

Petition.[2] The matter was assigned to this Court on December 8, 2016, and on September 7, 2017,

this Court dismissed the Petition. The Petitioner did not file a Notice of Appeal.

---

[1] Judge Ransom imposed no further penalty on PIC. The remaining charges were *nolle prossed.*
[2] On March 28, 2016, the Petitioner filed a *pro se* PCRA Petition raising an identical issue to that presented in his November 4, 2013 Motion to Vacate. Pursuant to its timeliness review, this Court determined that Judge Ransom did not rule on the November 4, 2013 Motion to Vacate, the filing date of which met the PCRA timeliness requirement.

On July 30, 2019, the Petitioner filed a Writ for *Habeas Corpus*, which this Court treats as his second, untimely PCRA Petition. On August 19, 2019, this Court issued a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907. The Petitioner did not respond to this Court's 907 Notice.[3]

**Facts**

On April 2, 2013, the Petitioner pled guilty to the following facts:

> On September 24, 2010, in the early morning hours, the decedent[,] 19-year-old Mr. Terrence Hicks, Junior, traveled, with several of his friends, to North Philadelphia . . . specifically Indiana Avenue, between 5th Street, 4th Street and Lawrence Streets.
>
> Mr. Hicks went with several of his associates up to that area for the purposes of taking over that area, because they had learned that the individual that had run that area for drug sales was recently locked up by the federal government.
>
> When they went up to that area, the [Petitioner, Anthony Feliciano,] drove by and he told these individuals to get off his block. They did not get off his block. The [Petitioner] drove away and he came back moments later on foot.
>
> Sometime around 10:45 a.m., there was an altercation between the [Petitioner], Mr. Hicks and Mr. Hicks' associates. There was a fistfight with Mr. Hicks and one of Mr. Hicks' associates. They were fighting the [Petitioner]. They were punching the [Petitioner] and the [Petitioner] backed up, pulled out a firearm from his waist area and started firing.
>
> Mr. Terrence Hicks was shot through the arm . . . and into his right chest[.] The bullet went through his torso [and it] went through his [ ] ventricles and his aorta. It severed his lung and lodged in his liver.
>
> Mr. Hicks fell to the ground in front of 3007 North Lawrence Street in the City and County of Philadelphia, just north of the intersection of Lawrence and Indiana Avenue.
>
> . . .
>
> This occurred at 10:47 a.m. Police responded and found Mr. Hicks on the ground, virtually nonresponsive. He was placed in a police wagon and taken to the hospital. He was pronounced dead at 11:04 a.m., by Dr. Goldberg.
>
> His remains were taken to the office of the medical examiner, where a full autopsy was performed on him, where they . . . found that the cause of death was a gunshot wound to the torso, and the manner of death to be homicide.

---

[3] On September 23, 2019, the Petitioner filed a Writ of *Habeas Corpus*, which was identical to his July 30, 2019 filing. Since the Petitioner did not raise additional issues within his September 27 filing, no additional discussion is warranted.

2

The [Petitioner] was identified as being involved in this altercation as well as being the individual that took out the gun and started firing.

N.T. 4/2/2013 at 13–15.

## Discussion

In his *pro se* petition, the Petitioner presents a series of arguments concerning the legality of his guilty plea and sentence. Though the Petitioner's claims are difficult to comprehend, this Court elects to interpret his averments for ease of review. Accordingly, the Petitioner appears to raise three arguments for review, alleging that: (1) the trial court imposed an unconstitutional sentence for Third-Degree Murder, on the basis that no sentencing apparatus exists for the offense as charged; (2) the Third-Degree Murder statute is unconstitutionally vague; and, (3) trial counsel was ineffective for failing to inform the Petitioner of his rights and obligations pursuant to Pa.R.Crim.P. 1410.

Before discussing the merits of the Petitioner's claims, this Court must first address the timeliness of the instant petition. A PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1); *Commonwealth v. Sepulveda*, 144 A.3d 1270, 1277 (Pa. 2016). "[A] judgment becomes final at the conclusion of direct review, including discretional review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa. Super. 2014); 42 Pa.C.S. § 9545(b)(3).

The time requirement is mandatory and jurisdictional in nature, and a trial court cannot ignore it in order to reach a petition's merits. *Commonwealth v. Hernandez*, 79 A.3d 649, 651 (Pa. Super. 2013) (*citing Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000)). An untimely

3

petition renders the court without jurisdiction to afford relief. *Commonwealth v. Taylor*, 65 A.3d 462, 468 (Pa. Super. 2013) (*citing Commonwealth v. Gandy*, 38 A.3d 899 (Pa. Super. 2012)).

The Petitioner was sentenced on April 2, 2013. The Petitioner did not file a Notice of Appeal, and therefore his judgment of sentence became final on May 2, 2013. The Petitioner therefore had until May 2, 2014 to file a timely petition. The instant petition was filed on July 30, 2019, five years, two months, and twenty-eightdays after the time to seek review had expired. The petition is facially untimely.

An untimely petition may be received when the petition alleges, and a petitioner proves, that any one of the three limited exceptions to the time for filing the petition, set forth in 42 Pa.C.S. § 9545(b)(1)(i)–(iii) is met:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1). A petition invoking one of the exceptions must be filed within one year of the date the claim could have first been presented, and a petitioner must plead and prove that he has met this requirement. 42 Pa.C.S. § 9545(b)(2). Here, the Petitioner fails to allege that the instant petition falls under a timeliness exception. Accordingly, this Court is devoid of jurisdiction to rule on the instant claims.

4

While this Court cannot rule on the merits of the Petitioner's claims, for the benefit of future proceedings, it will briefly address his allegations. As a threshold matter, the Petitioner argues that post-conviction standard of review under 42 Pa.C.S. § 9543 does not apply in the instant matter, and demands an alternative, albeit undescribed, standard of review commensurate with his petition's status as a writ of *habeas corpus*.

It is clear that the PCRA statute subsumes the writ of *habeas corpus* in circumstances where the PCRA provides a remedy for the claim. *Commonwealth v. Thompson*, 199 A.3d 889, 891 (Pa. Super. 2018) (*citing Commonwealth v. Hackett*, 956 A.2d 978, 985 (Pa. 2008). The Petitioner alleges that his confinement is based on an allegedly unconstitutional sentencing statute, the instant claims do not fall within the PCRA eligibility requirements. The Petitioner is mistaken. The PCRA clearly covers violations of the Pennsylvania and United States Constitutions which so undermined the truth determining process that no reliable adjudication of guilt or innocence could have taken place. 42 Pa.C.S. § 9543(a)(2)(i). A claim of an unlawfully induced guilty plea pursuant to an unconstitutional statute falls well within the purview of the PCRA, and therefore the PCRA standard of review applies.

In his first two claims, the Petitioner appears to allege that the 1995 amendment to 18 Pa.C.S. § 2502 redefining the maximum penalty for Third-Degree Murder as forty years rendered the statute unconstitutionally void for vagueness, negating his sentence. Specifically, the Petitioner contends that the sentencing regime for Third Degree Murder as defined in 18 Pa.C.S. §1102 does not comport with the methods of sentencing enumerated in 42 Pa.C.S. § 9721(a.1), referring to the prohibition to imposing county or state intermediate punishment where a mandatory minimum sentence must be imposed. The Petitioner interprets the statute to mean that the whole of Section 9721 applies only where a mandatory minimum sentence has been imposed,

5

and by virtue of that interpretation, no statute exists to proscribe any sentence for Third-Degree Murder, rendering his plea and sentencing unconstitutional.

42 Pa.C.S. § 9721(a)(4) provides that, in determining the sentence to be imposed, a Court shall consider a sentence of total confinement. The Section 9721(a.1) exception prohibiting the imposition of county or state intermediate punishment has no effect on this section of law. Here, Judge Ransom imposed a standard range sentence of twenty to forty years of total confinement as proscribed in Section 9721(a). The Petitioner correctly acknowledges that he did was not sentenced to a mandatory minimum sentence, triggering the Section 9721(a.1) statutory exception. However, the law clearly permits sentences of total confinement regardless of whether a mandatory minimum applies. Neither Section 9721 nor Section 1102 are vague in this regard, and neither statute is void for vagueness. Accordingly, his standard range sentence for Third-Degree Murder is constitutionally sound.

The Petitioner next claims that he was not informed of his rights and obligations of appeal pursuant to Pa.R.Crim.P. 1410. Rule 1410 has since been replaced by Pa.R.Crim.P. 720, which holds that a Notice of Appeal must be filed within thirty days of imposition of sentence or an order denying a timely filed post-sentence motion. Pa.R.Crim.P. 720(a)(2)–(3). During his guilty plea hearing, trial counsel clearly explained the Petitioner's right to an appeal:

> MR. BOWERS: [Y]our appeal rights are going to be limited if you enter a guilty plea. Your appeal rights are actually limited to four elements. Number one, you didn't know what you were doing when you plead guilty. But you know what you're doing. Is that correct?
> THE [PETITIONER]: Yes
> MR. BOWERS: You were in the wrong court. That is, the court didn't have jurisdiction over you.
> Do you understand that?
> THE [PETITIONER]: Yes
> MR. BOWERS: And that simply means that Judge Ransom is not duly elected by the public here in the City of Philadelphia or the event

did not occur in the City of Philadelphia. And you were above the age of 18. Do you understand that?

THE [PETITIONER]: Yes

MR. BOWERS: Now, we know that she's duly elected. We know that the event occurred in Philly. We know you were above the age of 18. Do you understand that?

THE [PETITIONER]: Yes

MR. BOWERS: Lastly, the sentence that the court gave you, for some reason, was illegal or improper. And, of course, the sentence is not illegal or improper. Do you understand that?

THE [PETITIONER]: Yes

. . .

MR. BOWERS: And if, for any reason, there were any illegality in today's proceeding -- in other words, today's guilty plea, if you filed a motion in writing within 30 days of today's date, you could take an appeal to the [S]uperior [C]ourt. Do you understand?

THE [PETITIONER]: Yes

N.T. 4/2/2013 at 8–10.

At the time of his sentencing, the Petitioner was aware that if he wished to challenge the legality of his sentence, including a constitutional challenge, he had thirty days from the date of his sentencing to file a Notice of Appeal. Despite that knowledge, the Petitioner failed to do so. Accordingly, the Petitioner's claim that he was unadvised of the procedure for filing an appeal is without merit.

For the foregoing reasons, the instant petition is DENIED. The Petitioner is hereby notified that he has thirty (30) days from the date of this Order and Opinion to file an appeal with the Superior Court.

BY THE COURT,

Barbara McDermott

Barbara A. McDermott, J

7

*Commonwealth v. Anthony Feliciano*, **CP-51-CR-0004137-2011.**

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing filing upon the person(s), and in the manner indicated below, which service satisfies the requirements of Pa. R. Crim. P. 114:

> Philadelphia District Attorney's Office
> Three South Penn Square
> Philadelphia, PA 19107
> Attn: Tracey Kavanagh, Esq.

**Type of Service:** **DA's Courthouse Assigned Box**

> Anthony Feliciano
> KE 5739
> SCI Mahanoy
> 301 Morea Road
> Frackville, PA 17932

**Type of Service:** **Certified Mail**

**Dated: October 3, 2019**

**Joseph R. Duffy, Esq.**
**Law Clerk to the**
**Honorable Barbara A. McDermott**