J-S01036-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALD ROBERT MARTIN | : | |
| | : | |
| Appellant | : | No. 795 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 24, 2021
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000362-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| GERALD ROBERT MARTIN | : | |
| | : | |
| Appellant | : | No. 796 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 24, 2021
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000214-2020

BEFORE:  BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:                    **FILED DECEMBER 13, 2022**

Appellant, Gerald Robert Martin, appeals from the judgments of sentence imposed following his entry of a *nolo contendere* plea to possession of a controlled substance with intent to deliver (methamphetamine, less than two and one-half grams) and a guilty plea to possession of drug

---

[*] Retired Senior Judge assigned to the Superior Court.

paraphernalia.[1]  Following prior remands to ensure that Appellant's counsel properly sought to withdraw from his representation, we are tasked with reviewing a petition to withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967).  After protracted review, we grant the petition to withdraw as counsel and affirm the judgments of sentence.

On or about August 29, 2018, the state police arranged through a confidential informant to purchase a controlled substance from Appellant.  N.T. 1/12/21, 9.  The informant met with Appellant and another person named Amanda Wilcox in Athens Township in Bradford County.  ***Id.***  The informant purchased less than two and one-half grams of methamphetamine from them. ***Id.***  Ms. Wilcox was the driver of a car at that location and Appellant was in the front passenger seat.  ***Id.***  Appellant conducted the conversation to arrange the transaction and Ms. Wilcox was the one who completed the exchange with the informant.  ***Id.***  The methamphetamine sold to the informant weighed .79 grams. ***Id.***  After the police stopped a car transporting Appellant on March 29, 2020, they found Appellant in possession of a hypodermic needle. ***Id.*** at 8.

---

[1] 35 P.S. § 780-113(a)(30), (32).

On January 12, 2021, Appellant entered his pleas to the above-referenced charges.[2]  N.T. 1/12/21, 1-10.  The parties did not reach an agreement on a sentencing recommendation, but the Commonwealth agreed to *nolle prosse* additional charges in exchange for the entry of the pleas.[3]  **Id.** at 1-2; N.T. 5/24/21, 8.  Sentencing was deferred for the preparation of a pre-sentence investigation report.  N.T. 1/12/21, 9.

On May 24, 2021, the court imposed an aggregate imprisonment term of sixteen to sixty months, including consecutive prison terms of fifteen to forty-eight months for possession of a controlled substance with intent to deliver and one to twelve months for possession of drug paraphernalia.[4]  N.T.

_____

[2] The drug possession charge was docketed at CP-08-CR-0000214-2020, and the paraphernalia charge was docketed at CP-08-CR-0000362-2020.  This Court consolidated these cases, *sua sponte*, pursuant to Pa.R.A.P. 513.  **See** Order, 8/3/21 (*per curiam*).

[3] The additional charges included two counts of criminal conspiracy (for delivery of methamphetamine and heroin), an additional count of possession of a controlled substance with intent to deliver (heroin), and single counts of criminal use of a communication facility and false identification to a law enforcement officer.  Bills of Information, CP-08-CR-0000362-2020, 8/5/20, 1; Bills of Information, CP-08-CR-0000214-2020, 5/5/20, 1-2.

[4] The Sentencing Guidelines recommended minimum imprisonment terms of fifteen to twenty-one months, plus or minus six months for aggravating or mitigating circumstances, for possession of a controlled substance with intent to deliver, and restorative sanctions to four months, plus three months for aggravating circumstances, for possession of drug paraphernalia.  **See** 204 Pa. Code § 303.15 (7th ed., amend. 4 supp.-amend. 5; comprehensive offense listing) (providing offense gravity scores of six for possession of a controlled substance with intent to deliver and one for possession of drug paraphernalia); 204 Pa. Code § 303.16(a) (7th ed., amend. 4-amend. 5; basic sentencing matrix); N.T. 5/24/21, 2 (noting the applicable guideline ranges and that Appellant had a prior record score of four).

5/24/21, 6-9; Sentencing Order, CP-08-CR-0000214-2020, 5/24/21, 1; Sentencing Order, CP-08-0000362-2020, 5/24/21, 1. Appellant did not file post-sentence motions and filed timely notices of appeals in each of the underlying cases. Notice of Appeal, CP-08-CR-0000214-2020, 6/21/21; Notice of Appeal, CP-08-CR-000362-2020, 6/21/21, 1.

Appellant's counsel filed an **Anders** brief for these consolidated appeals but failed to file a petition to withdraw as counsel along with a required notice letter advising Appellant of his rights under **Anders** and enclosing copies of the brief and the petition to withdraw as counsel. After two orders directing counsel to provide proof that Appellant was properly advised of his rights went unanswered, we remanded this case for the purposes of allowing the plea court to hold a hearing to determine whether counsel had abandoned Appellant. **Commonwealth v. Martin**, 2022 WL 2764211, *2 (Pa. Super., filed July 15, 2022) (unpublished memorandum). Appellant's counsel subsequently filed a petition to withdraw as counsel with this Court, and the plea court informed this Court of its findings that counsel had not abandoned his client and had filed the withdrawal motion to "cure the identified deficiencies" that were addressed in our former memorandum. Order, CP-08-CR-0000214-2020 & CP-08-CR-000362-2020, 8/8/22, ¶¶ 3-5; Application to Withdraw as Counsel, 7/29/22.

Upon further review, we remanded a second time because we noticed that the certified record did not contain a proof of service reflecting counsel's service of the **Anders** brief on Appellant. **Commonwealth v. Martin**, 2022

- 4 -

WL 7275655, *3 (Pa. Super., filed Oct. 13, 2022). At our direction, Appellant's counsel cured this omission by refiling copies of the **Anders** brief, the petition to withdraw as counsel, and the letter advising Appellant of his rights to proceed *pro se* or with new retained counsel, along with a new proof of service reflecting service on Appellant. **Anders** Brief, 10/20/22; Petition to Withdraw as Counsel, 10/20/22; Correspondence to Appellant, 7/28/22; Proof of Service, 10/20/22. We may now proceed with substantive review.

Counsel's **Anders** brief identifies three issues:

1. Whether the Appellant's plea was knowing, voluntary[,] and intelligent.

2. Whether the sentence imposed was appropriate given the circumstances of this case.

3. Whether the Appellant's sentence was legal and within Sentencing Guidelines for the Commonwealth of Pennsylvania.

**Anders** brief, at 3.

Prior to addressing the issues identified in the **Anders** brief, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). An attorney seeking to withdraw on appeal pursuant to **Anders** must take the following actions:

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). Our Supreme Court has also stated that a proper *Anders* brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009). Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007) (citation omitted). "Substantial compliance with the *Anders* requirements is sufficient." *Commonwealth v. Redmond*, 273 A.3d 1247, 1252 (Pa. Super. 2022) (citation omitted).

Counsel filed an *Anders* brief and a petition to withdraw as counsel. The *Anders* brief substantially complies with the requirements set forth in *Santiago*, although we note that the summary of the procedural history and facts in the brief does not contain citations to the certified record and the "Order in Question" section of the brief contains nothing after a heading for

that section. **Anders** brief, at v, 4-9. The withdrawal petition states that counsel has conducted conscientious examination of the record and determined that the appeal is without merit. Petition to Withdraw as Counsel, 10/20/22, ¶ 2. Counsel has also provided this court with his correspondence to Appellant explaining Appellant's right to retain new counsel or to proceed *pro se* to raise additional issues that Appellant deems worthy of this Court's attention. Therefore, counsel has substantially complied with the technical requirements for withdrawal under **Anders** and **Santiago**.[5]

By entering guilty and *nolo contendere* pleas without an agreement as to a sentencing recommendation, Appellant limited the cognizable issues on appeal to those involving the validity of the pleas, the lower court's jurisdiction, the discretionary aspects of the sentence, and the legality of the sentence. **See Commonwealth v. Eisenberg**, 98 A.3d 1268, 1275 (Pa. 2014) ("[U]pon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed") (citation omitted); **Commonwealth v. DiClaudio**, 210 A.3d 1070, 1074 n.5 (Pa. Super. 2019) ("Because Appellant entered an open guilty plea as to the sentence imposed, he is not precluded from appealing the discretionary

---

[5] We note that, as of the filing of this memorandum, more than thirty days has passed since counsel demonstrated his service of the **Anders** brief and the petition to withdraw as counsel and that Appellant has not filed any responsive pleadings as a *pro se* litigant and that there have been no filings reflecting the entry of an appearance for any privately-retained counsel.

aspects of his sentence.") (citation omitted). Here, Appellant's counsel addresses the voluntariness of the plea, and the discretionary aspects and legality of the sentence.[6]

As to the validity of the pleas, counsel concludes that there was no claim of arguable merit to raise because the plea court's oral plea colloquy addressed all the necessary elements for a valid plea and the court's questioning of Appellant established the voluntariness of the pleas. *Anders* Brief at 12-14. We agree with counsel, but additionally note that Appellant waived any hypothetical challenge to the validity of his pleas by not objecting to the pleas at the plea hearing or filing a timely motion to withdraw his pleas. *See Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013) ("A defendant wishing to challenge the voluntariness of a guilty plea on direct

---

[6] To the extent that counsel declined to address the jurisdiction of the lower court, we do not discern any claim of merit that could have been raised: the record demonstrates that Appellant's crimes took place within Bradford County, Appellant had adequate notice of his criminal charges, and the plea court, as a judge sitting for the Bradford County Court of Common Pleas, was competent to accept Appellant's pleas to offenses under the Crimes Code. N.T. 1/12/21, 8-9 (Appellant not contesting the summary of the facts presented at his plea hearing); *see also Commonwealth v. Jones*, 929 A.2d 205, 210 (Pa. 2007) (noting that "courts of common pleas have statewide jurisdiction in all cases arising under the Crimes Code); *Commonwealth v. Goldblum*, 447 A.2d 234, 244 (Pa. 1982) ("Subject matter jurisdiction in the trial court exists by virtue of the presentation of prima facie evidence that a criminal act occurred within the jurisdiction of the court."); *Commonwealth v. McNeil*, 665 A.2d 1247, 1251 (Pa. Super. 1995) ("Personal jurisdiction in a criminal matter is secured through the defendant's presence within the territorial jurisdiction of the court.").

appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing.").

Assuming that waiver was inapplicable, we agree with counsel that any challenge to the validity of the pleas would have been frivolous. There are six elements essential to a valid plea colloquy that are outlined in the comment to Pa.R.Crim.P. 590(A)(2) as follows:

(1)   Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?

(2)   Is there a factual basis for the pleas?

(3)   Does the defendant understand that he or she has the right to trial by jury?

(4)   Does the defendant understand that he or she is presumed innocent until found guilty?

(5)   Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6)   Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement.

Pa.R.Crim.P. 590, Comment.[7]  The plea court covered the first five elements in its oral plea colloquy and the sixth element was not applicable where there was no negotiated plea agreement.  **See** N.T. 1/12/21 4 (presumption of innocence), 4-5 (rights to a trial by jury), 6-7 (elements of the offenses along with exposure to sentences and fines), 7-9 (factual basis for both pleas).

---

[7] A seventh element involving pleas to murder generally is not applicable in this case.

- 9 -

With respect to the discretionary aspects of the sentence, Appellant's counsel concludes that any sentencing claim would be meritless because Appellant could not prove that the plea court abused its discretion where, following its review of a pre-sentence investigation report, it imposed terms at the "low end" of the standard guideline ranges and the overall sentencing scheme "does not appear to be unduly harsh or excessive." *Anders* Brief at 14-17.  We agree with counsel's merits analysis.[8]  Counsel correctly calculates that the individual terms of sentence were within the standard ranges recommended by the Sentencing Guidelines.  *See supra* note 4.  Because the terms were within the standard range, they are presumed to have been reasonable.  *See Commonwealth v. Moury*, 992 A.2d 162, 171 (Pa. Super. 2010) ("[W]here a sentence is within the standard range of the guidelines,

_____

[8] Ordinarily, we would have found that this claim was waived for lack of preservation because Appellant did not object to his sentence at the sentencing hearing or file a post-sentence motion for reconsideration of sentence.  *See Commonwealth v. Hartman*, 908 A.2d 316, 319 (Pa. Super. 2006) (Hartman waived a discretionary sentencing claim by not preserving it at sentencing or in a timely post-sentence motion).  In this instance, however, we would be unable to rest on waiver because the plea court misadvised defendant as to his post-sentence motion rights and falsely gave Appellant the impression that a sentencing claim could have been preserved either in a post-sentence motion or on appeal, whereas in reality, preservation in a post-sentence motion would have been a prerequisite for appellate review of a sentencing claim.  N.T. 5/24/21, 10 ("THE COURT: Very good.  Mr. Martin there's two ways you can challenge the sentence.  You can file a motion with me, you have to do that in ten (10) days.  You can file an appeal, you have to do that within thirty (30) days.…"); *see, e.g., Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006) (declining to find waiver of sentencing claims where a probation revocation court failed to advise Malovich of his right to file post-sentence motions).

Pennsylvania law views the sentence as appropriate under Sentencing Code") (citation omitted). Moreover, because the plea court reviewed a pre-sentence investigation report prior to imposing the terms, the court is presumed to have been aware of the relevant sentencing factors and properly weighed them, and thus Appellant could not overcome the presumption of the reasonableness of his sentence by alleging that the court misapplied the relevant factors for sentencing. *See Commonwealth v. Bonner*, 135 A.3d 592, 605 (Pa. Super. 2016) ("Where [a PSI] exist[s], we [ ] presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. A [PSI] constitutes the record and speaks for itself.") (citation omitted).

In these particular circumstances, we also would not conclude that the plea court committed an abuse of discretion by imposing consecutive imprisonment sentences. *See Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) ("Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed.") (citation omitted).

Appellant's counsel concludes the *Anders* brief by noting that a challenge to the legality of the sentence would fail because the terms of imprisonment had to be legal because they were within the standard range recommended by the Sentencing Guidelines. *Anders* Brief at 17. We agree with counsel that the sentence is legal. Both terms of imprisonment were

within the maximum limits for the classes of the offenses, and there is no apparent issue with the court's authority to impose the sentences.[9] **See** N.T. 1/12/21, 6-7 (plea court notifying Appellant of the maximum possible prison terms for his convictions including ten years for possession of a controlled substance with intent to deliver and one year for possession of drug paraphernalia); 35 P.S. § 780-113(f)(1.1) (setting the maximum imprisonment limit for Appellant's conviction for possession of a controlled substance with intent to deliver at ten years); 35 P.S. § 780-113(i) (setting the maximum imprisonment limit for Appellant's conviction for possession of drug paraphernalia at one year).

Our independent review of the record confirms Appellant's counsel's conclusion that there were no claims of arguable merit that could be raised on Appellant's behalf. Judgments of sentence affirmed. Petition to withdraw as counsel granted.

Judge Nichols joins the memorandum.

Judge Bowes concurs in the result.

_____

[9] While a trial court's failure to make a statutorily required determination of a defendant's eligibility for a minimum sentence under the Recidivism Risk Reduction Inventive ("RRRI") program implicates the legality of the sentence imposed, **see Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010), we note that the plea court properly assessed Appellant's RRRI eligibility. N.T. 5/24/21, 7 (THE COURT: "So we'll indicate the defendant is RRRI eligible and eligible for the State Drug Treatment Program.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/13/2022</u>