**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN J. MILLER | : | |
| | : | |
| Appellant | : | No. 1040 MDA 2023 |

Appeal from the PCRA Order Entered January 5, 2023
In the Court of Common Pleas of Dauphin County
Criminal Division at No:  CP-22-CR-0001074-1997

BEFORE:   STABILE, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:          **FILED: OCTOBER 23, 2024**

Kevin J. Miller (petitioner) seeks review of an order of the Court of Common Pleas of Dauphin County dismissing the claim that he was unlawfully placed on probation supervision.  He argues that he timely asserted his claim in a petition for writ of *habeas corpus*, which was erroneously treated as an untimely petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546 (PCRA).  We affirm.[1]

Petitioner pleaded guilty on February 10, 1998, to five counts – rape (count 1); involuntary deviate sexual intercourse (IDSI) (count 2); statutory sexual assault (count 3); indecent assault (count 5); and corruption of minors

---

[*] Former Justice specially assigned to the Superior Court.

[1] The panel's initial memorandum in this case was filed on July 22, 2024. Petitioner then timely filed an application for reargument, which was granted in part.  The prior memorandum filed on July 22, 2024, was withdrawn so that the panel could more fully elaborate on its reasons for affirmance.

(count 7). No written sentencing order appears in the record, but the terms

of the sentence may be gleaned from the transcript of the sentencing hearing

held on November 16, 1998:

> [Commonwealth]: [T]he defendant pled guilty to a negotiated plea agreement that he was to receive five years from Your Honor, which represents the mandatory minimum. The maximum was left up to the Court.
>
> I believe the Court has indicated, at least during one of the past proceedings, that I believe 20 years was the maximum, plus an additional 20 years of probation on top of that was what the Court had indicated in the past[.]
>
> * * * *
>
> [Defense Counsel]: My understanding is the Court intends to sentence in accordance with the plea agreement . . . . my recollection from my notes concerning the sentence was a 5-year-minimum sentence at Count Number 1 to a 20-year maximum sentence, and a concurrent 20-year-probationary sentence at Count Number 2[.]
>
> [THE COURT]: With one caveat. That is concurrent for the purposes of this sentencing only.
>
> [Defense Counsel]: Right.
>
> [THE COURT]: If there were a violation, then the concurrency would resolve . . . . At Count No. 1, the charge of rape, the child being less than 13 years of age, a felony of the first degree, the defendant is to pay the costs of prosecution, a fine of $5,000, undergo a period of incarceration in the state correctional facility, the minimum of which is 5 years, the maximum of which is 20 years.
>
> As a special condition of any parole that may be granted to him by the State Board of Probation and Parole, to be eligible for parole, he must have successfully completed whatever treatment courses prescribed for him after comprehensive assessment for sexual offenses involving children, and he must receive a

certification of a board certified psychiatrist that, in that professional's opinion, he does not present a risk for parole[.]

Count Number 2, involuntary deviate sexual intercourse with a child less than 13, a felony of the first degree, pay the costs of prosecution, a fine of $5,000, undergo **a period of probation, which is 20 years in duration and shall commence upon the date of any parole granted to the defendant.**

**It shall run concurrent with that parole time, and all of the conditions attached at Count Number 1 will likewise attach at Count Number 2.**

Additionally, the concurrency of the sentence at Count Number 2, if there were to be a violation of the parole or probationary terms, shall be vacated, and the defendant shall be subject to consecutive sentences with regards to the sentence imposed at Count Number 1.

N.T., Sentencing Hearing, 11/16/1998, at 3-11 (emphasis added).

In summary, as to count 1, petitioner received a prison term of five to 10 years as to count 1. As to count 2, petitioner received 20 years of probation, concurrent to any term of parole granted as to count 1. The sentences as to the remaining counts were concurrent to count 1, and have since been completed. A direct appeal from the judgment of sentence entered in 1998 was never filed.

Petitioner filed his first PCRA petition on December 15, 1999, asserting a number of ineffective assistance of counsel claims. The petition was denied. Several additional PCRA petitions were filed thereafter. The denial of one such petition was appealed, and on review, this Court affirmed, finding that petitioner was given notice in 2014 that the trial court had construed the probationary term now at issue as consecutive "to the entire 5-20 year

sentence." ***Commonwealth v. Miller***, No. 1889 MDA 2024, at 2 (Pa. Super. filed December 3, 2014) (unpublished memorandum) (quoting Trial Court Opinion, 12/3/2014).

Once more, in 2019, petitioner filed a PCRA petition to contest the imposition of probation. He argued that he had fully served his sentence as of November 16, 2018. By that date, petitioner had spent all 20 years of the maximum term in custody on count 1, having never been granted parole. According to petitioner, his claim was timely because he satisfied the "newly discovered fact" exception under section 9545(b)(2) of the PCRA. The new fact he asserted was that he learned his probation for count 2 would begin to run on the date that his prison term ended, and his PCRA petition was filed within a year of that date.

At a PCRA hearing held on April 23, 2019, the trial judge who imposed the sentence on November 16, 1998, testified that he had intended for petitioner to serve 20 years of probation as to count 2 regardless of when, or whether, he was granted parole as to the sentence on count 1:

> Now, I will be candid to say that I typically would use the word "parole" as the triggering event to cause the concomitancy of both the parole and the probation; in other words the triggering event to cause probation to go into effect. Had I even envisioned that [petitioner] would serve his entire 20 years and not gain parole eligibility I might have said it different.
>
> **But the intent was that whenever he got out** and his own action by not making himself eligible for parole really is of his own doing. But -- and it could have been five years; it could have been 10, 12; it could have been 15. **It turns out it's the whole 20**.

- 4 -

**That doesn't defeat my intent that for the separate offense of IDSI upon that child he was going to have a 20-year period of probation whenever he got out of prison. That's the beginning and end of it right there**.

PCRA Hearing Transcript, 4/23/2019, at 14 (emphasis added).

The PCRA petition was denied on January 17, 2020, and the denial of that order was affirmed on timeliness grounds. *See Commonwealth v. Miller*, No. 235 MDA 2020 (Pa. Super. filed January 25, 2021) (unpublished memorandum). This Court reasoned that the commencement date of petitioner's probation was not a "new fact" that satisfied an exception to the PCRA's time-bar because he could have discovered it sooner through the exercise of due diligence. *See id*., at 6.

In its memorandum, this Court stressed that petitioner never sought clarification regarding his probationary term as to count 2 throughout the 20-year prison term imposed as to count 1. Further, petitioner had been advised in 2015 that his probation would not begin to run until after his release from prison. *See id*, at 7. Since the PCRA requires postconviction claims to be filed within one year from the date that a judgment of sentence has become final, and no exceptions applied, petitioner's claim, filed more than 20 years after that date, was properly dismissed as untimely. *See id*., at 8.

Petitioner's most recent challenge to his probationary sentence was filed on September 12, 2022, and it was styled as a petition for writ of *habeas corpus*. He contended that this was a new claim was not cognizable under the PCRA, making its jurisdictional time-bar inapplicable. The petition for *habeas corpus* relief was denied on January 5, 2023, upon being construed as an

untimely PCRA petition, which has been previously litigated. *See* Trial Court Memorandum Opinion, 12/5/2022, at 4-7[2]

Petitioner timely appealed that order, *nunc pro tunc*, on July 18, 2023. In his brief, he now argues that his petition for writ of *habeas corpus* was the proper vehicle for the present claim, and that the claim is meritorious because he cannot be compelled to serve a probationary term that is contingent upon the commencement of parole that was never granted. *See* Appellant's Brief, at 4. Petitioner argues further that the trial court's clarification of his sentence at the evidentiary hearing in 2019 is irrelevant because the Court of Common Pleas lost jurisdiction to modify the sentence 30 days after it was imposed. *See id*., at 15-17.

The Commonwealth argues in response that petitioner's claim was correctly treated as a PCRA petition, and that the claim is barred both due to being untimely and previously litigated in earlier postconviction proceedings. *See* Commonwealth's Brief, at 6-11. In addition, the Commonwealth asserts that the petition is without merit because the probationary term for count 2 was not contingent on parole being granted as count 1. We note that there is no dispute among the parties that, if petitioner could only raise his present claim by way of a PCRA petition, then it would be patently untimely and barred, as petitioner has not raised any exceptions to the PCRA's timing provisions.

---

[2] Prior to the order of dismissal, a notice of intent to dismiss the petition was filed, and petitioner submitted a response.

"Where a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of *habeas corpus* shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law." 42 Pa.C.S.A. § 6503(b). However, the PCRA is the "sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including *habeas corpus*[.]" 42 Pa.C.S.A. § 9542. "Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.*" **Commonwealth v. Taylor**, 65 A.3d 462, 466 (Pa. Super. 2013).

"To be eligible for relief a petitioner must be "currently serving a sentence of imprisonment, probation or parole." 42 Pa.C.S.A. § 9543(a)(1)(i). "[A] legality of sentence challenge to probation must be leveled in a PCRA petition." **Commonwealth v. Concordia**, 97 A.3d 366, 373 (Pa. Super. 2014).

"[T]he timeliness of a PCRA petition is . . . a jurisdictional requisite." **Commonwealth v. Zeigler**, 148 A.3d 849, 853 (Pa. Super. 2016). "A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1)." **Commonwealth v. Jones**, 54 A.3d 14, 16 (Pa. 2012).

If a petitioner fails to plead and prove an enumerated exception to the PCRA's time-bar, then the merits of the petition may not be considered. **See Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011). Where claims are

cognizable under the PCRA, a petitioner "cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus.*" *Taylor*, 65 A.3d at 466. Further, a claim is previously litigated and unreviewable under the PCRA if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." *See* 42 Pa.C.S.A. § 9544(a)(2).

An issue also has been previously litigated if "it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." *Id*,, at § 9544(a)(3). "Issues are not cognizable under the statutory remedy of habeas corpus if they could have been considered and corrected in the regular course of appellate review or by post-conviction proceedings authorized by law." *Commonwealth v. McNeil*, 665 A.2d 1247, 1249-50 (Pa. Super. 1995).

Here, petitioner was sentenced in 1998. On count 1, he was sentenced to a prison term of five to 20 years; on count 2, he was sentenced to "a period of probation, which is 20 years in duration[.]." N.T., Sentencing Hearing, 11/16/1998, at 6. Petitioner fully served the 20-year prison term as to count 1 on November 16, 2018, and he was placed on probation at that time. His petition that is now before us was not filed until more than one year later, on September 12, 2022.

Regardless of how petitioner has styled his challenge to his sentence, no relief is due. If we construe his claim as one that is cognizable under the PCRA (which it is), then as petitioner concedes, he would be procedurally

barred under the statute's timing restrictions. The claim now before us was filed in 2022, which was more than a year after petitioner's judgment of sentence became final in 1998. Petitioner has not attempted to satisfy an exception to the PCRA's jurisdictional time-bar. Moreover, petitioner previously has litigated the substance of his present claim in an earlier PCRA proceeding in which he asserted that the probationary term constituted an illegal sentence. *See Commonwealth v. Miller*, No. 235 MDA 2020 (Pa. Super. filed January 25, 2021) (unpublished memorandum). We therefore agree with the PCRA court's finding that petitioner's present claim is one which implicates the legality of his sentence, and as such, the issue is governed by the PCRA, making the claim procedurally barred as both untimely and previously litigated. *See* Trial Court Memorandum Opinion, 12/5/2022, at 4-5.

Petitioner nevertheless attempts to argue he is eligible for relief by contending that his present claim does not implicate the PCRA. He does so by framing the issue as a request to be released from unlawful custody now that his sentence has been fully served. Yet this ground is premised on petitioner's underlying, erroneous, contention that the probationary term of his sentence is unlawful because the trial court lacked jurisdiction to impose it. That is, petitioner characterizes the trial court's clarification of the sentence in 2019 as an unlawful modification of the sentence because in his view, probation had been contingent on the granting of parole, and the trial court

lacked authority to change the sentence beyond 30 days from the date it was entered in 1998. *See* Appellant's Brief, at 15-17.

Petitioner's premise of illegality is faulty in several respects. We note that in prior proceedings, the sentencing judge stated its intention for petitioner to serve a full 20 years of probation in the event that the prison term was fully served without parole being granted. In 2019, petitioner raised a PCRA claim that this sentence was illegal, and on review of the PCRA court's denial of postconviction relief, this Court construed the issue as an illegal sentence claim which was cognizable under the PCRA. Just as importantly, this Court held that the sentence was only clarified in 2019, and not unlawfully modified:

> Here, [petitioner], if he had acted with diligence, would have known years before 2019 that his probation sentence would run consecutively to his maximum 20-year sentence if he was not paroled from that sentence. [Petitioner] knew from his sentencing in 1998 that the probation was concurrent only with respect to parole from the 5-to-20 year prison sentence, not concurrent to the entire the 5-to-20 year sentence. N.T. Sentencing at 11; Sentencing Order at 2. [Petitioner] thus knew in 1998 that the probation would extend beyond the 5-to-20 year prison sentence, even if he were granted parole at the earliest possible date, and that the date that his 20 years' probation would begin to run would depend on when he was granted parole. Indeed, in 2015, more than three years before he filed this PCRA petition, [petitioner] also received notice, from a decision of this Court affirming the dismissal of one of his prior PCRA petitions, that the trial court characterized his sentence as "an aggregate term of five to twenty years' incarceration at a state correctional institution, **followed by twenty years of conditional probation**." *Miller*, No. 1889 MDA 2014, unpublished memorandum at 2 (quoting Trial Court Opinion, 12/3/14) (brackets omitted, emphasis added).

- 10 -

While the trial court in imposing sentence did not discuss the possibility that [petitioner] would not be paroled and would serve the full 20 years, [petitioner] could have sought clarification of the sentence if he was not sure when his probation would commence in the absence of parole**. Had he done so, he would have learned years before he filed the March 2019 PCRA petition that if he was not paroled, the probation sentence would not begin to run until he was released from prison at the end of his maximum sentence and that he was to be under supervision for a full 20 years after he was released from prison, whether he was released on parole or at the end of 20 years' imprisonment**. N.T. PCRA Hearing, 4/23/19, at 9-11, 14-20, 24, 26-27.

\* \* \* \*

**<u>[Petitioner] has not shown that there was any error in the sentence, let alone a patent error. To the contrary, the commencement of [petitioner's] 20 years' probation upon his release from imprisonment is consistent with the trial court's direction that the probation be concurrent only with parole from that sentence. Indeed, the record demonstrates that this was in fact the intent of the trial judge who imposed that sentence</u>**.

*Miller*, No. 235 MDA 2020 at 6-9 (emphases added).

As shown by our previous holdings in proceedings where petitioner challenged the legality of his sentence, this Court has repeatedly construed the sentencing in 1998 as imposing a consecutive 20-year period of probation (whether or not petitioner was granted parole). We see no reason to depart from those prior determinations. Instead, we once more conclude that petitioner's probationary term is a legal part of his sentence. Thus, the order on review must be upheld.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 10/23/2024